CHUTZ, J.
lain this case, we examine whether a casino is entitled to summary judgment as a matter of law under the Merchant Liability Statute, La. R.S. 9:2800.6, where the plaintiff tripped and fell over the protruding wheel of another patron’s walker in the dining area of the casino’s restaurant. We find that summary judgment is warranted under these circumstances because reasonable minds must inevitably conclude, as the trial court did herein, that the slightly protruding wheel of the patron’s walker did not present an unreasonable risk of harm to the plaintiff.
FACTS AND PROCEDURAL HISTORY
The event that gave rise to this litigation occurred on January 1, 2014, at the L’Au-berge Casino & Hotel in Baton Rouge. On this date, Ms. Elvera Willig went with her companions to the casino, where they played games and then dined at the casino’s self-service restaurant. Ms. Willig was 73 years old at the time.
That same day, an unidentified gentleman who walked with the assistance of a walker (four-wheeled) arrived at the casino’s restaurant. A casino employee directed the unidentified gentleman and his companions to a table in the dining area that was adjacent to a designated walkway that led patrons to the main pathway to reach the buffet. The unidentified gentleman chose to sit on the side of the table that was closest to the walkway. The rear wheels of his walker slightly protruded into the walkway.
*1171 Ms. Willig was able to successfully navigate past the gentleman in the walker three times as she went back and forth between the buffet and her table in the dining area. However, on her fourth trip past, as she was returning to her table with her dessert, she tripped over the wheel of the gentleman’s walker and fell. Emergency responders were called to the scene and Ms. Willig was transported by ambulance to the emergency room of a local hospital. She alleges that she sustained a fractured hip as a result of her fall.
| sAfter the incident, Ms. Willig filed suit against PNK (Baton Rouge) Partnership d/b/a L’Auberge Hotel & Casino[1] [hereafter “the casino”], alleging that the casino negligently failed to protect its guests from other guests; negligently sat a patron near the walkway in such a manner that the patron’s walker could obstruct the walkway; and negligently failed to sit a patron who required the assistance of a walker at a location where, or in a manner in which, other patrons or guests would not trip or harm themselves on the walker.
After the casino answered the petition, it filed a motion for summary judgment seeking dismissal of Ms. Willig’s claims on grounds she failed to provide evidence sufficient to satisfy her burden of proof under the Merchant Liability Statute (La. R.S. 9:2800.6), which requires a plaintiff to prove each of the following elements:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3)The merchant failed to exercise rea- ■ sonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
The casino asserted that Ms. Willig failed to satisfy her burden of proof with respect to the first and second elements listed above, which pertain to whether the complained-of condition presented an unreasonable risk of harm to Ms. Willig and whether the casino created or had notice of said condition. In support of its motion, the casino provided excerpts from Ms. Willig’s deposition and also provided the casino’s surveillance video from the day of the incident.
| 4Ms. Willig opposed the motion, contending that two genuine issues of material fact remained. Ms. Willig contended there was a genuine issue of material fact whether a casino employee guided ‘the man using the walker to the table and seat nearest to the opening of the walkway and that there was also a genuine issue of material fact whether multiple casino employees passed the location where the man with the walker was seated from the time the man was seated up until the time of the accident. Both of these purported genuine issues of material fact speak to the second.element in La. R.S. 9:2800.6, the question of whether the casino created or had notice of the complained-of condition.
To oppose the motion, Ms. Willig primarily relied upon the casino’s surveillance video and still-shot photographs she extracted from the surveillance video, which depicted the seating of the- unidentified gentleman with the walker, the flow of patrons and employees passing to and fro *1172 behind the unidentified gentleman, and Ms. Willig’s aetual trip and fall behind the unidentified gentleman. Ms. Willig also attached a copy of the casino’s responses to interrogatories to establish that the walkway opening in question was 62 inches wide, and the casino’s accident report to show that the casino failed to make any reference in its report to the walker Ms. Willig tripped over and to show that the casino failed to identify the gentleman who was using the walker.
After a hearing, the trial court granted the casino’s motion for summary judgment on grounds Ms. Willig failed to satisfy her burden of proof with respect to the unreasonable risk of harm element of La. R.S. 9:2800.6, explaining:
I’m sorry the lady fell, but I just cannot say that there was an unreasonably dangerous condition... [Hjaving watched this [surveillance] video intently, as I said, for quite some time, and reviewing all video, the one submitted by the defendants, the one by the plaintiffs, and reviewing everything there was to see that was presented to me, I just don’t believe it presented an unreasonably dangerous condition. And for that reason, I am going to grant the motion for summary judgment.
| ^Accordingly, by judgment dated August 24,. 2015, the trial court granted the casino’s motion for summary judgment and dismissed Ms. Willig’s suit in its entirety with prejudice. From this judgment, Ms. Willig appeals.
DISCUSSION
■ On appeal, Ms. Willig assigns as error the trial court’s determination' that there were no genuine issues of material fact; the district court’s determination that the placement of the walker was not unreasonably dangerous; and the trial court’s decision to grant the motion for summary judgment solely on the basis that the placement and location of the walker was not unreasonably dangerous. Finding no merit in these assignments, we affirm.

The Applicable Law

A motion for summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966 B(2).[2] In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Temple v. Morgan, 2015-1159 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, 75-77.
The burden of proof is on the mover. See La. Code Civ. Pro. art. 966 C(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. [ fiInstead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to. satisfy his evidentia- *1173 ry burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La. Code Civ. Pro. art. 966 C(2); Temple, 196 So.3d at 76-77.
Summary judgment is appropriate when all the relevant facts are mar-shalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. Smith v. Our Lady of the Lake Hospital, Inc., 93-2612 (La. 7/6/94), 639 So.2d 730, 762. Summary judgment may be granted when reasonable minds must inevitably conclude that the mover is entitled to summary judgment. Id.
In order to prove that a casino is liable for damages sustained as a result of a fall due to a condition that existed in or on the casino’s premises, a plaintiff must establish the following elements:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(1) The merchant either created or had actual Or constructive notice - of' the condition which caused the damage, prior to the occurrence.
(2) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[3]
|7Failure to prove any one. of the foregoing requirements is fatal to a plaintiffs case. See Moore v. Murphy Oil USA, Inc., 2016-0096 (La.App. 1 Cir. 12/23/15), 186 So.3d 135, 145, writ denied, 2016-00444 (La. 5/20/16), 191 So.3d 1066.
Ms. Willig’s assignments of error question the trial court’s finding with respect to the first element, namely that the condition failed to present an unreasonable risk of harm to the claimant. An unreasonable risk of harm is present if the dangerous condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. See Lasyone v. Kansas City Southern Railroad, 2000-2628 (La. 4/3/01), 786 So.2d 682, 690. Courts apply a risk-utility balancing test to determine whether a condition presents an unreasonable risk of harm. See Temple, 196 So.3d at 77. This test considers four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and-magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs activities in terms of its social utility or whether it is dangerous by nature. Id., citing Broussard v. State ex rel. Office of State Buildings, 2012-1238 (La. 4/5/13), 113 So.3d 175,184.
Louisiana jurisprudence does not preclude the granting of a motion for summary judgment in cases where plaintiffs are unable to produce factual support to bolster their claim that a complained-of condition is unreasonably dangerous. Allen v. Lockwood, 2014-1724 (La. 2/13/15), 156 So.3d 650, 653 (per curiam).

Analysis

In the instant case, the casino points out to the court that there is an absence of factual support for the essential element of an unreasonably dangerous condition by directing the court’s attention to the surveillance video that recorded the *1174 dining area of the self-service restaurant on the day of the incident at issue herein.
|sThe surveillance video demonstrates that a casino employee led the unidentified gentleman using the walker and his companions to a table near an entry and exit point of the restaurant’s dining area, but she left their table before the gentleman chose his seat on the side of the table that was adjacent to the walkway where Ms. Willig fell. The video evidence reflects that two wheels of the gentleman’s walker slightly protruded into the walkway that led to one of the dining area’s entry and exit points. However, the video evidence also reflects that individuals who traversed the walkway behind the gentleman had ample room, to navigate around him. In fact, the video evidence demonstrates that Ms. Willig successfully passed behind the gentleman three times; it was only on her fourth, attempt to do so that she tripped and fell. Finally, the video evidence demonstrates that the fall occurred in the carpeted dining area of the restaurant.
Applying the risk-utility balancing test to this evidence, we find there was utility in seating the gentleman who used the walker near an entry and exit point of the dining area, as such a patron would likely have difficulty traversing further into the dining area. We find that the likelihood of harm was slim given the width of the walkway, which Ms. Willig acknowledges in her brief was wide enough for two persons to traverse at the same time. We find the expected magnitude of harm would also be slim given that the dining area where Ms. Willig fell was carpeted. Finally, while there is social utility in Ms. Wil-lig’s decision to use a designated walkway to return to her seat from the buffet, we note that a 'prudent person walking through the dining area of a restaurant must necessarily be vigilant because obstacles are common in this type of area. See Lasyone, 786 So.2d at 690.
In light of the foregoing, we find that the surveillance video evidence shifted the burden to Ms. Willig to produce factual evidence sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial with respect to the unreasonably dangerous element. However, to attempt to satisfy her burden, Ms. | sWillig primarily relies upon the surveillance video evidence reviewed above, in which we did not find any factual support for Ms. Willig’s contention that a condition existed that presented an unreasonable risk of harm to her.
The only other evidence Ms. Willig relies upon to attempt to establish the existence of an unreasonably dangerous condition is the evidence that the walkway in question was 62 inches wide. Yet Ms. Wil-lig acknowledges in her brief to the court that two patrons could comfortably pass through a walkway this wide. We do not find that this evidence provides any factual support for Ms. Willig’s contention that the slightly protruding wheels of the walker created an unreasonably dangerous condition, given the ample room that remained for patrons and employees to navigate around the device.[4] The video evidence actually demonstrates that dozens of people traversed with ease around the device. Accordingly, we find there is no genuine issue of material fact and that reasonable minds must inevitably conclude, from the evidence before us, that the protruding wheels of the walker did not present an unreasonable risk of harm to Ms. Willig.
*1175 DECREE
For the reasons assigned, we affirm the August 24, 2015 summary judgment, which dismissed all claims against defendant PNK (Baton Rouge) Partnership d/b/a L’Auberge Casino & Hotel Baton Rouge. Costs of this appeal are assessed to plaintiff Elvera Willig.
AFFIRMED.

. In her petition, Ms. Willig incorrectly identified the defendant casino as Pinnacle Entertainment, Inc. d/b/a L'Auberge Casino & Hotel Baton Rouge. This opinion refers to the casino by its correct name, PNK (Baton Rouge) Partnership d/b/a L'Auberge Casino & Hotel Baton Rouge.

. Louisiana Code of Civil Procedure article 966 was. amended and reenacted by Acts 2015, No, 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article in this cas.e. See Acts 2015, No. 422, §§ 2 and 3.

. Louisiana courts consistently recognize that casinos are "merchants” for purposes of La. R.S. 9:2800.6, See Frank v. Boomtown L.L.C., 2012-382 (La.App. 5th Cir. 12/11/12), 106 So.3d 227, 230; Smith v. Casino New Orleans, 2012-0292 (La.App. 4th. Cir. 10/3/12), 101 So.3d 507, n. 4.

. We note that the case plaintiff relies upon to - argue otherwise involved a folding table that protruded into the aisle of a department store by 12 inches, where the aisle in question was “much narrower” than 36 inches. See Latter v. Sears Roebuck and Co., 2004 WL 242479 (E.D.La. 2/5/2004), p. 1.