STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0036

GREGORY ALLEN CAMPBELL

VERSUS

DOLGENCORP, LLC

*Judgment Rendered:* 'JAN 0 9 2020

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 647731

The Honorable William A. Morvant, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Charlotte C. McDaniel McGehee<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>Gregory Allen Campbell |
| Kaye N. Courington<br>Daniel R. Estrada<br>New Orleans, Louisiana | Counsel for Defendant/Appellee<br>DG Louisiana, LLC |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

McDonald, J. concurs with reasons.

**THERIOT, J.**

Gregory Allen Campbell appeals the Nineteenth Judicial District Court's judgment granting DG Louisiana, LLC's motion for summary judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 21, 2016, Gregory Allen Campbell filed a petition for damages, naming Dolgencorp, LLC ("Dolgencorp") as defendant. In the petition, Campbell alleged that he was injured at a store owned and operated by Dolgencorp. Specifically, Campbell alleged that while he was in the store's bathroom, he encountered a wet area with no warning signs posted where he slipped and fell. Campbell claimed that the wet area was caused by a mop bucket that had been left to drain.

On June 6, 2016, DG Louisiana, LLC ("DG") filed a notice of removal, removing the lawsuit from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. DG averred that it had been incorrectly referred to in Campbell's petition as Dolgencorp. The matter was subsequently remanded back to the Nineteenth Judicial District Court.

On September 6, 2016, Campbell filed a supplemental petition for damages, naming DG as a defendant and reiterating all of the allegations of the original petition. On February 2, 2017, Campbell filed a motion and order to dismiss Dolgencorp, on the grounds that DG is the proper defendant. The trial court signed an order dismissing Dolgencorp on February 3, 2017.

On July 2, 2018, DG filed a motion for summary judgment, asserting that Campbell cannot satisfy his burden of proof under La. R.S. 9:2800.6. On August 27, 2018, Campbell fax-filed a motion and order to strike DG's motion for summary judgment and for sanctions. Campbell argued that DG's motion for

2

summary judgment was premature, alleging that DG had prevented Campbell from conducting discovery and ignored several attempts to set up a 1442 deposition of DG. On the same date, Campbell fax-filed an opposition to DG's motion for summary judgment. On the following day, August 28, 2018, Campbell filed several exhibits supporting the opposition to DG's motion for summary judgment.

On September 5, 2018, DG filed a reply to Campbell's opposition to the motion for summary judgment, in which DG alleged that Campbell's exhibits were untimely pursuant to La. Code Civ. P. art. 966. Specifically, DG argued that because the hearing on the motion for summary judgment was set for September 10, 2018, the exhibits should have been filed and served on August 27, 2018. DG pointed out that Campbell fax-filed the opposition on August 27, 2018, but did not file the exhibits in support of that opposition until August 28, 2018.

The hearing on the motion for summary judgment was held on September 10, 2016. On October 9, 2018, the trial court signed a judgment ordering that Campbell's exhibits be stricken as untimely. The trial court also granted DG's motion for summary judgment. Finally, the trial court denied Campbell's motion to strike DG's untimely motion for summary judgment and for sanctions. In oral reasons, the trial court stated that Campbell cannot satisfy any of the elements of La. R.S. 9:2800.6. Specifically, the trial court noted that Campbell did not know what he had slipped in, how long the unknown substance had been there, or whether the employees knew about the unknown substance. The trial court further noted that even if Campbell could satisfy the first element of La. R.S. 9:2800.6(B) (the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable), Campbell could not prove that DG had either created or had actual or constructive notice of the condition that caused the damage, nor could Campbell prove that DG had failed to exercise reasonable care.

This appeal followed.

## ASSIGNMENTS OF ERROR

Campbell assigns the following as error.

(1) The trial court erred in granting summary judgment, which was procedurally defective.

(2) The trial court erred in finding that the plaintiff could not show what he actually slipped in.

(3) The trial court erred in proffering evidence and not allowing discovery to be introduced in opposition to the motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . and shall be construed to accomplish these ends." *Jackson v. Wise*, 2017-1062 (La. App. 1 Cir. 4/13/18); 249 So.3d 845, 850, writ denied, 2018-0785 (La. 9/21/18); 252 So.3d 914, quoting La. Code Civ. P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966 (A)(3). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Jackson v. City of New Orleans*, 2012-2742 (La. 1/28/14); 144 So.3d 876, 882, cert. denied, 574 U.S. 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Jackson v. Wise*, 249 So.3d at 850.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not

4

require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

## DISCUSSION

### The Exhibits

We first address the admissibility of the exhibits attached to Campbell's opposition to DG's motion for summary judgment. As stated above, the trial court's judgment ordered that Campbell's exhibits be stricken as untimely.[1] Campbell did not assign as error that the trial court erred in striking Campbell's exhibits as untimely, and therefore, that issue is not before us. See *Doyle v. Lonesome Development, Limited Liability Company*, 2017-0787 (La. App. 1 Cir. 7/18/18); 254 So.3d 714, 727 n.3, writ denied, 2018-1369 (La. 11/14/18); 256 So.3d 291; see also *Bihm v. Deca Sys., Inc.*, 2016-0356 (La. App. 1 Cir. 8/8/17), 226 So.3d 466, 476. Instead, Campbell claims that the trial court should have considered the photographs that were attached as exhibits because Campbell had already given those photographs to DG during discovery without any objection from DG.

The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. Code Civ. P. art. 966(D)(2). The only documents that may be filed in support of or in opposition to a motion for summary judgment are pleadings, memoranda, affidavits, depositions, answers to

---

[1] Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion. La. Code Civ. P. art. 966(B)(2).

interrogatories, certified medical records, written stipulations, and admissions. La. Code Civ. P. art. 966(A)(4). Accordingly, providing the photographs to DG during discovery does not make those photographs competent summary judgment evidence. Because the photographs were not properly submitted as summary judgment evidence pursuant to La. Code Civ. P. art. 966, we cannot consider the photographs on appeal. Thus, Campbell's exhibits are inadmissible.

Assignment of Error #1

In his first assignment of error, Campbell argues that the trial court erred in granting summary judgment, because it was procedurally defective. Specifically, Campbell argues that DG's motion for summary judgment is premature, because it was filed before Campbell had an opportunity to depose DG. Campbell asserts that DG refused to participate in meaningful discovery.

Louisiana Code of Civil Procedure art. 966(A)(3) provides that a motion for summary judgment may be granted after an opportunity for adequate discovery if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. The requirement that a summary judgment should be considered only after "adequate discovery" has been construed to mean that there is no absolute right to delay action on a motion for summary judgment until discovery is complete; rather, the requirement is only that the parties have a fair opportunity to carry out discovery and to present their claim. Unless a party shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. *Primeaux v. Best Western Plus Houma Inn*, 2018-0841 (La. App. 1 Cir. 2/28/19); 274 So.3d 20, 32.

A defendant's motion for summary judgment may be made at any time. *Ellis v. Louisiana Bd. of Ethics*, 2014-0112 (La. App. 1 Cir. 12/30/14); 168 So.3d 714, 725, writ denied, 2015-0208 (La. 4/17/15); 168 So.3d 400 (citing La. Code

6

Civ. P. art. 966(A)(1)). It is not an abuse of the trial court's wide discretion in discovery matters to entertain a motion for summary judgment before discovery has been completed. Trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. It is within the trial court's discretion to render a summary judgment or require further discovery. *Dortch v. Jane Doe & Chrysler Group, LLC*, 2016-0933 (La. App. 1 Cir. 4/6/17); 217 So.3d 449, 454.

Campbell's petition was filed on April 21, 2016. DG was added as a defendant on September 6, 2016. DG filed its motion for summary judgment on July 2, 2018, nearly two years after being added as a defendant. Campbell asserts that DG refused to participate in meaningful discovery. Despite his assertion that a deposition pursuant to La. Code Civ. P. art. 1442 was needed, Campbell did not request a continuance of the summary judgment hearing. See *Hughes v. Home Depot U.S.A., Inc.*, 2015-0970 (La. App. 1 Cir. 12/23/15); 2015 WL 9466870, at *3 (unpublished opinion); see also *Judson v. Davis*, 2004-1699 (La. App. 1 Cir. 6/29/05); 916 So.2d 1106, 1116, writ denied, 2005-1998 (La. 2/10/06); 924 So.2d 167. Additionally, Campbell did not file a motion to compel discovery. Considering the trial court's broad discretion in regulating discovery, we find no clear showing of abuse of discretion. This assignment of error lacks merit.

Assignment of Error #2

In his second assignment of error, Campbell argues that the trial court erred in finding that the plaintiff could not show what he actually slipped in and, in other words, would be unable to satisfy his burden of proof. La. R.S. 9:2800.6 provides the burden of proof in claims against merchants. "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. La. R.S. 9:2800.6(C)(2). A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a

reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. 9:2800.6(A).

Louisiana Revised Statutes 9:2800.6(B) provides:

In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Thus, in order to prove that a merchant is liable for damages sustained as a result of a fall due to a condition that existed in or on the merchant's premises, a plaintiff must prove by a preponderance of the evidence, through either direct or circumstantial evidence: (1) the existence of a condition that presented an unreasonable risk of harm which was reasonably foreseeable; (2) the merchant's actual or constructive notice of the condition; and (3) the merchant's failure to exercise reasonable care. *Williams v. Liberty Mutual Fire Insurance Company*, 2016-0996 (La. App. 1 Cir. 3/13/17); 217 So.3d 421, 424, writ denied, 2017-0624 (La. 6/5/17); 219 So.3d 338.

The burden of proof on the motion for summary judgment rests with DG, the mover. However, in this matter, DG will not bear the burden of proof at trial; that burden of proof rests with Campbell. Accordingly, once the motion for summary judgment has been properly supported, DG need only point out to the trial court the absence of factual support for one or more elements essential to Campbell's slip

8

and fall claim. Thereafter, the burden shifts to Campbell to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that DG is not entitled to judgment as a matter of law. See La. Code Civ. P. art. 966(D)(1). The plaintiffs may not rest on the mere allegations of denials in their pleadings, but their responses must set forth specific facts showing that there is a genuine issue for trial. If the plaintiffs do not so respond, summary judgment, if appropriate, shall be rendered against them. *Adams on Behalf of D.K. v. Wal-Mart Stores, Inc. Store #542*, 2018-1706 (La. App. 1 Cir. 9/27/19); __ So.3d ____, 2019 WL 4727546, at *1.

A hazardous condition is one that creates an unreasonable risk of harm to customers under the circumstances. In the context of slip-and-fall cases, a hazard is shown to exist when the fall results from an unreasonably slippery condition. *Pena v. Delchamps, Inc.*, 2006-0364 (La. App. 1 Cir. 3/28/07); 960 So.2d 988, 991, writ denied, 2007-0875 (La. 6/22/07); 959 So.2d 498. Louisiana jurisprudence does not preclude the granting of a motion for summary judgment in cases where plaintiffs are unable to produce factual support to bolster their claim that a complained-of condition is unreasonably dangerous. *Willig v. Pinnacle Entertainment, Inc.*, 2015-1998 (La. App. 1 Cir. 9/16/16); 202 So.3d 1169, 1173.

At his deposition, Campbell stated that he entered the restroom of a Dollar General located on Coursey Boulevard in Baton Rouge, Louisiana. After using the toilet, Campbell turned around, took a step, and slipped, falling on the outside perimeter of a drain located near the toilet. He stated that there was "[n]o telling what it was[,]" and that he slipped in "[w]hatever liquid was on the floor." After falling, Campbell noticed a wet mop bucket, but Campbell stated that he did not know exactly what liquid he slipped in, nor did he know how the liquid got on the floor, how long the liquid was on the floor, or who put the liquid on the floor. He also did not know whether the employees knew about the liquid on the floor.

9

Campbell further stated that he saw "very small" puddles of water spread throughout the bathroom and that after falling, he had water on the back of his pants and on the back of his shirt.

Campbell further stated that he left the restroom to find an employee, but there were none at the register. Campbell then left the store without telling anyone about the accident and sought medical care in Gonzales, Louisiana. A day or two later, Campbell called Dollar General to report the accident, at which point Dollar General asked Campbell to meet with management to give a report. When Campbell went back to the store a week or two later, he spoke to an employee and asked to speak to a manager, but was told that the manager was busy. Campbell waited for approximately 45 minutes, but the manager never showed up. Campbell left the store without filling out an incident report for Dollar General.

To defeat the motion for summary judgment filed by DG, Campbell must show that he can prove at trial that there existed a condition that presented an unreasonable risk of harm which was reasonably foreseeable, that DG had actual or constructive notice of the condition, and that DG failed to exercise reasonable care.

DG has pointed out the lack of factual support for Campbell's claims. Namely, DG showed that Campbell did not know what substance he slipped in and thus could not prove that there had been an unreasonable risk of harm. Further, Campbell did not timely submit any evidence in response to DG's motion for summary judgment and thus presented no evidence that an employee of DG was responsible for or aware of the liquid on the floor and no evidence regarding how long the liquid was on the floor prior to his fall. Because no report of the incident was ever made, there is no evidence that would allow the trier of fact to find that DG either created, or had actual or constructive notice of the alleged condition, or that DG had failed to exercise reasonable care. This lack of evidence is fatal to Campbell's cause of action under La. R.S. 9:2800.6, and summary judgment in

favor of DG was proper. <u>See</u> *Cyprian v. State Farm Fire and Casualty Company*, 2016-0717 (La. App. 1 Cir. 2/17/17); 2017 WL 658246, at *6 (unpublished opinion). This assignment of error lacks merit.

Assignment of Error #3

In his third assignment of error, Campbell argues that the trial court erred in proffering evidence and not allowing discovery to be introduced in opposition to the motion for summary judgment. Specifically, Campbell asserts that the trial court erred in (1) finding that no evidence had been produced; (2) finding Campbell did not have a right to depose DG before granting summary judgment; (3) finding that the photographic evidence should be proffered instead of considered; and (4) not drawing inferences from the undisputed facts which are most favorable to the party opposing the motion.[2]

Finally, Campbell argues that the trial court erred in not drawing inferences from the undisputed facts which are most favorable to the party opposing the motion. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Jackson v. City of Zachary*, 2017-1583 (La. App. 1 Cir. 8/6/18); 256 So.3d 323, 326 (citing *Willis v. Medders*, 2000-2507 (La. 12/8/00); 775 So.2d 1049, 1050). However, Campbell did not properly submit any supporting evidence to be considered on the motion for summary judgment. The only evidence before the court is Campbell's deposition testimony, including Campbell's assertions that he did not know exactly what liquid he fell in or how long the liquid had been on the floor prior to the fall. Further, there is no evidence regarding DG's actual or constructive notice of the condition or DG's failure to

---

[2] We previously addressed whether Campbell had properly introduced any evidence in our discussion of the admissibility of Campbell's exhibits. We also discussed Campbell's argument that the photographs should have been considered on the motion for summary judgment, finding that the photographs were not properly submitted as summary judgment evidence pursuant to La. Code Civ. P. art. 966. Additionally, we addressed Campbell's argument regarding his right to depose DG in Assignment of Error #1.

exercise reasonable care from which we can draw any inferences. This assignment of error lacks merit.

## DECREE

For the above and foregoing reasons, the Nineteenth Judicial District Court's judgment granting DG Louisiana, LLC's motion for summary judgment is affirmed. All costs of this appeal are assessed to Appellant, Gregory Allen Campbell.

**AFFIRMED.**



STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0036

GREGORY ALLEN CAMPBELL

VERSUS

DOLGENCORP, LLC

**McDonald, J., concurs and assigns reasons.**

The majority suggests that since Campbell did not know what he slipped in, he didn't prove there was an unreasonable risk of harm. I believe if there was a substance on the floor that he slipped in, there was an unreasonable risk of harm. However, the outcome is the same, as he presented no evidence to show that DG caused the substance on the floor or prove that DG had knowledge of it, thus summary judgment in favor of DG was proper.