STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2018 CA 1592

ELAINE CARPENTER, WIFE OF/AND
WENDELL O. CARPENTER

VERSUS

NORTHSHORE MOTORS I, LIMITED PARTNERSHIP,
D/B/A NORTHSHORE TOYOTA AND
ABC INSURANCE COMPANY

**Judgment Rendered:** FEB 2 0 2020

* * * * * *

On appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 2017-10187

Honorable William J. Knight, Judge Presiding

* * * * * *

| | |
|---|---|
| G. Patrick Hand, Jr.<br>Gretna, LA | Counsel for<br>Plaintiffs/Appellants<br>Elaine and Wendell Carpenter |
| Michael R Sistrunk<br>Heather N. Shockley<br>Covington, LA | Counsel for<br>Defendant/Appellee<br>Northshore Motors I, Limited<br>Partnership d/b/a Northshore<br>Toyota |

* * * * * *

BEFORE: GUIDRY, McCLENDON, THERIOT, CHUTZ, AND PENZATO, JJ.

Theriot, J dissents and assigned reasons.

Chutz, J. Dissents and assigns reasons

**GUIDRY, J.**

This is an appeal of a summary judgment granted in favor of a defendant car dealership, where after striking a portion of an opposing affidavit, the trial court found that the plaintiffs failed to produce factual support sufficient to establish a genuine issue of material fact as to whether the dealership had actual or constructive notice of the condition on the dealership premises that caused one of the plaintiffs to slip and sustain injury. For the reasons that follow, we reverse the summary judgment and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On January 16, 2016, Wendell and Elaine Carpenter traveled to Northshore Toyota in Covington to have their Toyota Corolla serviced. While at the dealership, Mr. Carpenter expressed interest in a Toyota Tundra pick-up truck. Wendell Sams, a salesman with the dealership, offered to take the Carpenters on a test drive of the vehicle. Preferring to ride as a passenger, Mr. Carpenter approached the passenger side of the pick-up truck, which was parked on the portion of the dealership parking lot that abutted the service area of the dealership. On reaching the truck, Mr. Carpenter placed his left foot on the running board of the truck, then as he grasped the grab bar to step up into the truck, his right foot slipped on some sand on the pavement, causing his left leg to collapse and scrape against the running board. Mr. Carpenter was wearing shorts at the time of the accident, and he described the injury to his left leg as a laceration or scrape about 12 inches long and an inch and a half wide.

On January 12, 2017, the Carpenters filed a petition for damages against Northshore Motors I, Limited Partnership, doing business as Northshore Toyota, and an unidentified insurer. In response, Northshore Motors denied liability in its answer to the petition. Northshore Motors later filed a motion for summary judgment, arguing that the presence of sand on the pavement of the dealership

parking lot did not present an unreasonable risk of harm, that it did not cause or have notice of the presence of the sand on the pavement of the parking lot, and that in any event, the presence of the sand was an open and obvious condition. In support of the motion for summary judgment, Northshore Motors submitted the depositions of Mr. and Mrs. Carpenter and the affidavit of Lucas Keith Hanks, vice president of Northshore Motors. In their depositions, the Carpenters admitted that they had no knowledge of how the sand came to be on the pavement of the Northshore Motors parking lot, how long it had been there, or whether the dealership was even aware of the presence of the sand. In his affidavit, Mr. Hanks attested that he had been vice president of Northshore Motors for the past sixteen years, and in that capacity, he attested that Northshore Motors had received no complaints regarding sand being present on the premises of the dealership nor had there been any complaints of any slips or falls prior to Mr. Carpenter's accident.

The Carpenters untimely filed a memorandum in opposition to the motion for summary judgment, to which they attached the affidavit of Mr. Sams, the salesperson who assisted them on the day of the accident. In his affidavit, Mr. Sams declared that "the management of Northshore Motors, was aware, because of roadway construction in the area of the dealership, of problems with the loose rock, sand, gravel and debris accumulating on the roadway and other traveled areas of the dealership." Northshore Motors, in turn, filed a reply memorandum, along with a motion to strike, requesting that the trial court strike the Carpenters' opposition in its entirety for being untimely filed.[1] Northshore Motors further asserted that Mr. Sams' affidavit was improper and should be struck as not being based on personal knowledge.

---

[1] Louisiana Code of Civil Procedure article 966(B)(2) states that any opposition and all documents in support of the opposition "shall be filed and served ... not less than fifteen days prior to the hearing on the motion." The motion for summary judgment was scheduled to be heard on May 2, 2018. The Carpenters filed their opposition on April 19, 2018, thirteen days before the hearing.

3

At the hearing on the motion for summary judgment, the trial court declined to grant the motion to strike on the ground of untimeliness, but it did order that the third paragraph of Mr. Sams' affidavit be struck for not being based on Mr. Sams' personal knowledge. Then, after considering the arguments of the parties on the merits of the motion, the trial court granted summary judgment in favor of Northshore Motors, holding that the Carpenters failed to show that they could produce some evidence to prove the dealership had actual or constructive notice of the presence of sand on its parking lot. Accordingly, on June 11, 2018, the trial court signed a judgment dismissing the Carpenters' suit with prejudice. Thereafter, the Carpenters filed a motion to devolutively appeal the judgment.

## ASSIGNMENTS OF ERROR

I.    The trial court erred in striking the third paragraph of Mr. Sams' affidavit for lack of personal knowledge, given the circumstances that he was an employee of Northshore [Motors] for at least three (3) months prior to the accident and was aware of roadway construction in the area causing debris to accumulate in areas of the dealership.

II.   The trial court erred in granting summary judgment where the evidence submitted by plaintiffs raised genuine disputed issues of material fact regarding Northshore [Motors'] constructive notice and knowledge.

## STANDARD OF REVIEW

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there are no genuine factual disputes. Diversified Marine Services, Inc. v. Jewel Marine, Inc., 16-0617, p. 6 (La. App. 1st Cir. 6/2/17), 222 So. 3d 1008, 1013. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the

4

subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. La. C.C.P. art. 966(D)(1). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Nash v. Rouse's Enterprises, LLC, 15-1101, p. 3 (La. App. 1st Cir. 2/26/16), 191 So. 3d 599, 600-01. In this case, the applicable substantive law is La. R.S. 9:2800.6(B), which statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether

5

summary judgment is appropriate. Bice v. Home Depot U.S.A., Inc., 16-0447, p. 3 (La. App. 1st Cir. 12/22/16), 210 So. 3d 315, 318.

## DISCUSSION

In their first assignment of error, the Carpenters assert that the trial court erred in striking a portion of Mr. Sams' affidavit. Although Northshore Motors improperly sought, in part, to challenge the admissibility of Mr. Sams' affidavit via a motion to strike,[2] because the objection was also appropriately raised in a reply memorandum, consideration of the correctness of the trial court's ruling disallowing a portion of Mr. Sams' affidavit is properly before us. See La. C.C.P. art. 966(D)(2) and Adolph v. Lighthouse Property Insurance Corporation, 16-1275, pp. 6-8 (La. App. 1st Cir. 9/8/17), 227 So. 3d 316, 319-21.

Affidavits offered in support of or in opposition to a motion for summary judgment must be made on personal knowledge and must show affirmatively that the affiant is competent to testify to the matters stated therein. See La. C.C.P. art. 967(A); Schexnaildre v. State Farm Mutual Automobile Insurance Company, 15-0272, pp. 14-15 (La. App. 1st Cir. 11/9/15), 184 So. 3d 108, 116. Personal knowledge encompasses only those facts that the affiant saw, heard, or perceived with his own senses; however, a witness is permitted to draw reasonable inferences from his personal observations. Schexnaildre, 15-0272 at p. 15, 184 So. 3d at 116. Portions of affidavits not based on the personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment. Indulge Island Grill, L.L.C. v. Island Grill, L.L.C., 16-1133, p. 12 (La. App. 4th Cir. 5/10/17), 220 So. 3d 154, 162.

---

[2] See La. C.C.P. art. 966, comment (k), wherein it is observed that one of the changes produced by 2015 amendments to La. C.C.P. art. 966 had the effect of "removing the motion to strike as a means of raising an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and does not allow a party to file that motion."

The requirement that the affidavit show affirmatively that the affiant is competent to testify to the matters stated therein enables the court to make a determination as to the competency of the affiant as a witness to the material fact at issue. An affirmative showing of competency cannot be established without a predicate showing of personal knowledge. Otherwise, personal knowledge may be based on hearsay or other incompetent evidence. Unifund CCR Partners v. Perkins, 12-1851, p. 7 (La. App. 1st Cir. 9/25/13), 134 So. 3d 626, 631-32.

Mr. Sams' declaration that "the management of Northshore Motors, was aware ... of problems with the loose rock, sand, gravel and debris accumulating on the roadway and other traveled areas of the dealership," relates to the notice element of La. R.S. 9:2800.6(B). An affiant's status as an executive of a company has been held to demonstrate some competency to testify about basic information concerning the company, particularly where that information is not contradicted by any other evidence. Schexnaildre, 15-0272 at p. 16, 184 So. 3d at 117. In his affidavit, Mr. Sams is not identified as an executive with Northshore Motors, but simply as an employee. And although Mr. Sams discloses the nature of his association with Northshore Motors in the affidavit -- as that of a salesman employed with the company for three months at the time of the accident -- his affidavit does not disclose the basis for his alleged knowledge regarding facts of which management would be aware. Mr. Sams did not state that a member of management informed him that he or she was aware of the accumulation of "loose rock, sand, gravel and debris" on the roadway or other traveled areas of the dealership, nor did Mr. Sams state that he made management aware of any accumulation of "loose rock, sand, gravel and debris." Accordingly, we do not find that the trial court abused its discretion in failing to consider a portion of Mr. Sams' affidavit. See Lewis v. Young, 15-0798, p. 5 (La. App. 4th Cir. 2/24/16), 187 So. 3d 531, 534-35, writ denied, 16-0564 (La. 5/13/16), 191 So. 3d 1058; Noel

7

v. Noel, 15-37, p. 9 (La. App. 3d Cir. 5/27/15), 165 So. 3d 401, 410, writ denied, 15-1121 (La. 9/18/15) 178 So. 3d 147. But for the reasons that follow, we find the trial court should have limited its ruling to declining to consider the affidavit as evidence of what "the management of Northshore Motors" was directly aware.

In their second assignment of error, the Carpenters assert that the evidence submitted was sufficient to raise a genuine issue of material fact regarding constructive notice. We agree.

In defining constructive notice, La. R.S. 9:2800.6(C)(1) provides, in pertinent part, that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, **unless it is shown that the employee knew**, or in the exercise of reasonable care should have known, of the condition." (Emphasis added.) While Mr. Sams does not state in his affidavit that he personally saw or was aware of the accumulation of "loose rock, sand, gravel and debris" on the roadway or other traveled areas of the dealership, we recognize that such an observation by Mr. Sams can be reasonably inferred from the third paragraph of his affidavit, which in its entirety states:

> Your Affiant further declared that during his employment with Northshore Motors, up and through January 16, 2016, the management of Northshore Motors, was aware, because of roadway construction in the area of the dealership, of problems with the loose rock, sand, gravel and debris accumulating on the roadway and other traveled areas of the dealership.

Noting that despite the legislative mandate that summary judgments are now favored, the Louisiana Supreme Court nonetheless declared that factual inferences *reasonably drawn* from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507, p. 2 (La. 12/8/00), 775 So. 2d 1049, 1050 *(per curiam)*. In so declaring, the Louisiana Supreme Court in Willis held that the intermediate appellate court erred in refusing to infer the specifics needed to defeat

8

the defendant's motion for summary judgment simply because the appellate court viewed the expert's affidavit as being "very vague" and containing "general statements." Willis, 00-2507 at p. 2, 775 So. 2d at 1050. See also Guillory v. The Chimes, 17-0479, p. 4 (La. App. 1st Cir. 12/21/17), 240 So. 3d 193, 195 (wherein this court noted, "[a]lthough factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, *improbable* inferences, and unsupported speculation will not support a finding of a genuine issue of material fact." (Emphasis added)).

On *de novo* review of Mr. Sams' affidavit, we find that it can be reasonably inferred from Mr. Sams' statement, quoted above, that he was aware of the accumulation of "loose rock, sand, gravel and debris" on the roadway or other traveled areas of the dealership at or around the date of Mr. Carpenter's accident. Consequently, we find Mr. Sams' affidavit was sufficient to defeat Northshore Motors' motion for summary judgment, as such a reasonably drawn inference creates a genuine issue of material fact as to whether Northshore Motors had constructive notice of the presence of sand on its premises.

## CONCLUSION

For the foregoing reasons, we reverse the June 11, 2018 summary judgment that dismissed the Carpenters' action with prejudice and remand this matter to the trial court for further proceedings. All costs of this appeal are cast to the appellee, Northshore Motors I, Limited Partnership, doing business as Northshore Toyota.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 1592

ELAINE CARPENTER, WIFE OF/AND
WENDELL O. CARPENTER

VERSUS

NORTHSHORE MOTORS I, LIMITED PARTNERSHIP,
D/B/A NORTHSHORE TOYOTA AND
ABC INSURANCE COMPANY

THERIOT, J., dissenting and assigning reasons.

Louisiana Revised Statutes 9:2800.6(C)(1) provides that "constructive notice" for merchant liability purposes means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The statute further provides that the presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. Mr. Sams' affidavit does not state that he personally saw or was aware of the accumulation of "loose rock, sand, gravel and debris" on the roadway or other traveled areas of the dealership. Furthermore, although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. See Guillory v. The Chimes, 17-0479, p. 4 (La. App. 1 Cir. 12/21/17), 240 So.3d 193, 195. I agree with the trial court when it explained:

Paragraph 3 I'm striking, because that presumes what someone else's knowledge and state of mind was. There's no personal knowledge element to that particular portion. Mr. Sams does not state in his affidavit that he warned the manager, he told someone, he made someone aware. He just makes the conclusory statement that the management was aware.

Thus, the affidavit was not sufficient to raise a genuine issue of material fact as to whether Northshore Motors had constructive notice of the accumulation of the loose rock, sand, gravel, and debris on the pavement of the parking lot.

The majority relies on Willis v. Medders, 00-2507, p.2 (La. 12/8/00), 775 So. 2d 1049, to infer that Mr. Sams' affidavit creates a genuine issue of material fact. I disagree and find that such a reliance on the Willis holding to be misplaced. First, Willis dealt with an expert affidavit not a fact witness affidavit. Furthermore, the appellate court deemed the affidavit to be "too vague" and "overly general." That is not the case here. The Supreme Court properly held the court of appeal erred by focusing on how the plaintiff's expert could have been "more persuasive" and on what the expert "did not say." Willis, p. 1051. Here, we are not looking at the persuasiveness of the witness's argument. The affidavit is not "too vague" or "overly general." The affidavit clearly states "management had knowledge..." and the trial court properly found that paragraph to be hearsay.

Second, the Willis court concluded "finally, and most importantly, when the party opposing the summary judgment motion submits expert opinion evidence that would be admissible and that is sufficient to allow a reasonable juror to conclude the expert's opinion on a material fact more likely than not is true, the court should deny the summary judgment motion." Again, this case is distinguished from Willis in that the affidavit in question is not an affidavit from an expert, it is an affidavit from a factual witness. The present case has a factual witness espousing hearsay testimony that the trial court correctly disregarded. The affidavit is clear and not vague. Affiant has not stated that he had personal

2

knowledge nor does he state how management had knowledge of the condition. The only way one could draw a reasonable inference that the affiant had personal knowledge is to remove the words "the management of Northshore Motors" from paragraph 3. Surely this is not what <u>Willis</u> stands for.

Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. La. R.S. 1.3. When the wording of a section is clear and free of ambiguity, *the letter of it shall not be disregarded under the pretext of pursuing its spirit.* La. R.S. 1.4. I fear we are proceeding down a slippery slope if courts are going to start inferring what factual witnesses are testifying to rather than what was actually stated. No longer will courts give factual witness affidavits their statutory interpretation. Courts will be duty bound to seek every reasonable inference to support what the affiant meant to state rather than what the affiant actually stated. Such construction goes against the basic statutory interpretation enumerated by the legislature and used by courts for generations as well as going against the legislative purpose of summary judgment. Such action will lead to confusion amongst the courts, inconsistent opinions and absurd consequences.

For the above reasons, I respectfully dissent.

ELAINE CARPENTER, WIFE OF/AND
WENDELL O. CARPENTER

VERSUS

NORTHSHORE MOTORS I,
LIMITED PARTNERSHIP ET AL.

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

NO. 2018 CA 1592

CHUTZ, J., dissenting.

Although I fully agree with the rationale set forth in Judge Theriot's dissent, I additionally disagree with the majority's reversal of the trial court because this record fails to establish an outstanding issue of material fact as to whether the sand in the parking lot constituted an unreasonable risk of harm under La. R.S. 9:2800.6.

Summary judgment is appropriate when all the relevant facts are marshalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. *Willig v. Pinnacle Entm't, Inc.*, 2015-1998 (La. App. 1st Cir. 9/16/16), 202 So.3d 1169, 1173, citing *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 752. An unreasonable risk of harm is present, so as to support merchant's statutory liability for customer's slip and fall, if the dangerous condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *Willig*, 202 So.3d at 1173. The presence of loose rock, sand, and/or gravel on the roadway and other vehicle-traveled areas of a car dealership is a condition that cannot reasonably be expected to cause injury to a prudent person using ordinary care upon entering the passenger side of a pick-up truck he was interested in purchasing. Therefore, I would additionally affirm the trial court's dismissal of the Carpenters' claims since they have failed to establish an unreasonable risk of harm entitling them to recovery. Accordingly, I dissent.