STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0577

TINA COLLINS

VERSUS

FRANCISCAN MISSIONARIES OF OUR LADY HEALTH SYSTEM,
INC. D/B/A ST. ELIZABETH HOSPITAL

Judgment Rendered: **FEB 2 1 2020**

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 654019

Honorable Todd Hernandez, Judge Presiding

*************

| | |
|---|---|
| William Roy Mustain, III<br>Metairie, LA | Counsel for Plaintiff/Appellant,<br>Tina Collins |
| Kelsey A. Clark<br>Christopher A. Mason<br>Douglas Kent Williams<br>Baton Rouge, LA | Counsel for Defendant/Appellee,<br>Franciscan Missionaries of Our<br>Lady Health System Inc., D/B/A<br>St. Elizabeth Hospital |

*************

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS[1], JJ.

---

[1]Honorable William J. Burris is serving as judge *pro tempore* by special appointment of
the Louisiana Supreme Court.

**WHIPPLE, C.J.**

In this slip-and-fall case, plaintiff, Tina Collins, appeals a judgment of the trial court granting defendant's motion for summary judgment and dismissing plaintiff's claims with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The underlying suit arises from a slip-and-fall incident that occurred on June 7, 2016, at St. Elizabeth Hospital in Gonzales, Louisiana. On the date of the incident, Mrs. Collins was visiting her husband, who was a patient at the hospital. Around 9:55 p.m., Kari Nemmo, a housekeeper at St. Elizabeth, placed a three-foot-tall warning cone near the middle of the hallway by the second floor nurse's station and proceeded to mop the left side of the hallway.[2] Ms. Nemmo then walked down the hallway to continue mopping. A few minutes later, at about 10:02 p.m., Mrs. Collins was walking with her step-son and his family near the same nurse's station. As she entered the hallway that Ms. Nemmo was mopping, she slipped and fell into the warning cone previously placed in the hall by Ms. Nemmo.

Mrs. Collins subsequently filed a petition for damages against Franciscan Missionaries of Our Lady Health System, d/b/a St. Elizabeth Hospital, hereinafter referred to as "St. Elizabeth,"[3] alleging that St. Elizabeth was negligent for, among other things, allowing a hazardous condition to exist despite knowledge of its presence, failing to warn plaintiff of the hazardous condition on the floor, and thereby causing her to sustain injuries to her knee and back.

---

[2]Ms. Nemmo testified that St. Elizabeth trained her to put a warning cone in the middle of the hallway and mop half of the floor on one side of the cone. According to Ms. Nemmo once the area she mopped was dry, she would go back and mop the second half of the floor on the other side of the cone.

[3]St. Elizabeth notes in its answer to the petition that the proper name of the hospital is "Our Lady of the Lake Ascension Community Hospital Inc., d/b/a/ St. Elizabeth Hospital." For brevity, we will refer to the defendant as St. Elizabeth herein.

After answering the petition, St. Elizabeth filed a motion for summary judgment seeking dismissal of Mrs. Collins's claims with prejudice. St. Elizabeth argued that summary judgment was proper because Mrs. Collins would not be able to satisfy her burden of proof at trial as St. Elizabeth acted reasonably under the circumstances by adequately warning the public of a potentially wet floor. Mrs. Collins opposed the motion for summary judgment, contending that St. Elizabeth did not act reasonably under the circumstances because it should have placed more cones in the area that was potentially wet and that a reasonable jury could conclude that St. Elizabeth's actions were not reasonable.

After a hearing on the motion, the trial court took the matter under advisement and subsequently issued written reasons for judgment on September 5, 2018. In its written reasons, the trial court found that St. Elizabeth exercised reasonable care under the circumstances and granted the summary judgment, dismissing Mrs. Collins's claims with prejudice. On September 12, 2018, the trial court signed a judgment in accordance with its reasons, ordering each party to bear their respective costs.

Mrs. Collins then filed the instant appeal contending: (1) that the trial court erred in granting summary judgment where St. Elizabeth acted unreasonably under the circumstances and (2) that genuine issues of material fact remain that preclude summary judgment in this matter.

## DISCUSSION

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art 966(A)(2). After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled

3

to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Northshore Regional Medical Center, Inc., 2014-0628, (La. App. 1st Cir. 1/26/15), 170 So. 3d 173, 176.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So. 2d 764, 765 *(per curiam)*; Penn v. CarePoint Partners of Louisiana, L.L.C., 2014-1621 (La. App. 1st Cir. 7/30/15), 181 So. 3d 26, 30. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. Hines, 876 So. 2d at 765-66. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hospital. Inc., 93-2512 (La. 7/5/94), 639 So. 2d 730, 751. Simply put, a "material" fact is one that would matter at a trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Smith v. Our Lady of the Lake Hospital, Inc., 639 So. 2d at 751.

The burden of proof rests with the mover. LSA-C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support

4

sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).

Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Larson v. XYZ Insurance Company, 2016-0745, (La. 5/3/17), 226 So. 3d 412, 417. The substantive law applicable in this case is tort law. Smith v. Northshore Regional Medical Center, Inc., 170 So. 3d 173 at 176. Every act of man that causes damage to another obliges him by whose fault it happened to repair it. LSA-C.C. art. 2315. To the extent that the parties rely on merchant slip-and-fall cases, we note that the legislature has not specifically addressed the burden of proof applicable in a slip-and-fall claim against a hospital. Consequently, jurisprudence addressing the burden placed on a hospital is not affected by the statute governing merchant liability for slip-and-fall claims found at LSA-R.S. 9:2800.6. Terrance v. Baton Rouge General Medical Center, 2010-0011 (La. App. 1st Cir. 6/11/10), 39 So. 3d 842, 844, writ denied, 2010-1624 (La. 10/8/10), 46 So. 3d 1271. Accordingly, because the hospital is not a "merchant," we examine the hospital's duty in light of the facts of this case under a negligence theory of liability.

Under a negligence standard, a hospital owes a duty to its visitors to exercise reasonable care for their safety, commensurate with the particular circumstances involved; but the duty owed is less than that owed by a merchant. Toussaint v. Baton Rouge General Medical Center, 2018-0029, (La. App. 1st Cir. 6/4/18), 251 So. 3d 1151, 1154, writ denied, 2018-1107 (La. 10/15/18), 253 So. 3d 1301. The determination of whether the measures taken by the hospital to eliminate the risk were reasonable is a question of fact. Toussaint, 251 So. 3d at 1154. Thus, as the mover on the motion for summary judgment, St. Elizabeth had the burden of showing that there was no genuine issue of material fact regarding its lack of

5

negligence. See LSA-C.C.P. art. 966(D)(1); Smith v. Northshore Regional Medical Center, Inc., 170 So. 3d at 176.

In support of its motion for summary judgment, St. Elizabeth offered the original petition, a clip of the video footage with corresponding screenshots of the moments leading up to the incident, a photograph of a model warning cone, and excerpts from the depositions of Mrs. Collins and Ms. Nemmo, contending this evidence shows that the hospital acted reasonably to discover and correct the potentially dangerous condition on the floor and that Mrs. Collins simply failed to see the warning cone because she was not paying attention to the walkway in front of her.

St. Elizabeth points out that although there is only one "wet floor" warning cone shown in the video footage, Ms. Nemmo took a stack of cones down the hallway with her and placed them throughout the hall, as reflected in her testimony. The video footage shows her placing the first cone near the middle of the entrance to the hall and then rolling the stack of remaining cones down the hallway. After placing the cones in the hallway and in accordance with her training, Ms. Nemmo mopped only the left side of the floor. The video footage shows, and Ms. Nemmo so testified, that after mopping this area, she continued mopping down the hallway, out of sight of the area where Mrs. Collins fell. The video shows that approximately four-and-a-half minutes after Ms. Nemmo mopped the entrance to the hallway, Mrs. Collins and her family walked up to the spot where Ms. Nemmo mopped. Ms. Collins then slipped into the cone, making contact with it.

In further support of its motion, St. Elizabeth notes that Mrs. Collins testified more than once that the cone was present, that the hospital provided a warning, but that she did not actually see the warning.

6

In opposition to the motion, Mrs. Collins also offered and relied on the entirety of the video footage and excerpts from the depositions of Mrs. Collins and Ms. Nemmo. However, Mrs. Collins contends that, under the facts and circumstances, a reasonable jury could conclude that the hospital did not act reasonably in its placement of the warning cone. In support, Mrs. Collins argues that because she approached the hallway where she fell from another side hallway, the hospital should have placed more cones to warn of the potential hazard. However, when pressed, Mrs. Collins conceded that St. Elizabeth warned of the potential hazard, but she just did not see the warning because she was looking around for a nurse at the time of her fall.

As reflected in its reasons for judgment, after a hearing on the motion, the trial court reviewed the video footage from the hospital and the deposition testimony of both Mrs. Collins and Ms. Nemmo, ultimately finding that St. Elizabeth undisputedly warned of a potentially wet floor by placing warning cones down the hallway. The trial court found that St. Elizabeth exercised reasonable care in placing "a 3 foot tall bright yellow 'wet floor' warning cone" in the middle of the hallway in the location where plaintiff fell. Noting that the "video shows that plaintiff fell into this cone," the trial court found that Mrs. Collins had a sufficient amount of time to see the warning prior to the time she slipped. Moreover, the trial court found that the video footage showed, and Mrs. Collins admitted, that she fell into the warning cone as she slipped and that during the final five seconds leading up to her fall, there was nothing obstructing her view of the cone.[4] Following our thorough review of the evidence, we agree.

---

[4]St. Elizabeth contends that Mrs. Collins had an unobstructed view of the cone for the final eight seconds leading up to her fall. Mrs. Collins stated that there was nothing blocking her view, she just did not see the cone. Mrs. Collins's counsel stipulated that for the final five seconds leading up to her fall, she had an unobstructed view of the cone. We find that the difference of three seconds is not a material fact for purposes of summary judgment.

The instant case is comparable to Lee v. Ryan's Family Steak House Inc., 2006-1400 (La. App. 1st Cir. 5/4/07), 960 So. 2d 1042, writ denied, 2007-1577 (La. 10/12/07) 965 So. 2d 405. In Lee, this court reviewed a trial court's judgment finding defendant restaurant liable for the plaintiff's injuries stemming from a slip-and-fall. Although the plaintiff therein denied seeing any warning cones or signs in the area, she walked within a foot or two of the cone before she slipped and fell. This court concluded in Lee that the plaintiff had noticed the floor was wet prior to slipping into the warning cone. In finding that the restaurant was not liable even under the heightened standard for merchant liability, this court noted:

> We find that an approximately three-foot-high yellow warning cone containing the universal symbol for a wet floor to be adequate to alert a patron of a hazardous condition…While it may have been more prudent for Ryan's to have placed more than one cone in the area after mopping, Ms. Lee's fall would not have been prevented by the placement of multiple cones.

Lee, 960 So. 2d at 1047.

On review, we find that the hospital made the requisite showing that it acted responsibly by placing at least one warning cone near the entrance of the hallway, which was sufficient warning of a potential hazard.[5] The warning cone was described as a yellow, three-foot-tall cone that is one-foot-wide on each side of the base. The cone had a picture of an exclamation point within a triangle, an image of a person slipping, and contained the word "caution" printed in three different languages. Thus, once St. Elizabeth put forth this evidence showing that its employee acted reasonably under the circumstances to discover and correct the potentially hazardous condition, the burden shifted to Mrs. Collins to produce factual support sufficient to establish the existence of a genuine issue of material

---

[5]Although Mrs. Collins contends her deposition testimony that the warning cone was not placed in the middle of the hallway but was placed to the right of the hallway creates a genuine issue of material fact, we note that this testimony is not in the record. Even if such testimony did exist, it does not create a genuine issue of material fact which precludes summary judgment.

8

fact or that the hospital was not entitled to judgment as a matter of law. See LSA-C.C.P. art. 966(D)(1).

The video footage and Mrs. Collins's own testimony demonstrate that, although she contends that she did not see the sign, Mrs. Collins had an unobstructed view of the sign for several seconds prior to her fall and that several other people were able to safely navigate the area around both sides of the sign.[6] A plaintiff cannot rely on his failure to see what should have been seen in order to recover damages against a hospital stemming from a slip-and-fall. Instead, "[a] pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear." Hutchinson v. Knights of Columbus, Council No. 5747, 2003-1533 (La. 2/20/04), 866 So. 2d 228, 235 (citing Williams v. Leonard Chabert Medical Center, 98-1029 (La. App. 1st Cir. 9/26/99), 744 So. 2d 206, 211, writ denied, 2000-0011 (La. 2/18/00), 754 So. 2d 974). "He is not required to look for hidden dangers, but he is bound to observe his course to see if his pathway is clear. [He] is held to have seen those obstructions in his pathway which would be discovered by a reasonable prudent person exercising ordinary care under the circumstances." Carr v. City of Covington, 477 So. 2d 1202, 1204 (La. App. 1st Cir. 1985), writ denied, 481 So. 2d 631 (La. 1986).

Because the undisputed evidence shows that Mrs. Collins had an unobstructed view of the warning cone for several seconds prior to slipping into it, she cannot rely on her failure to see what should have been seen to defeat summary judgment. Again, the hospital only had to show that it acted reasonably under the circumstances to discover and correct the condition. We find that St. Elizabeth presented sufficient evidence to show that the placement of one wet floor sign at the entrance of a hallway was sufficient under these circumstances, where the

---

[6]From the time Ms. Nemmo placed the warning sign on the floor to the time that Mrs. Collins fell, three people passed by on the left side of the sign and four people passed by on the right side of the sign.

9

plaintiff admitted to having an unobstructed view of the warning cone for several seconds prior to slipping into it.

None of the evidence presented in this case creates a genuine issue of material fact precluding summary judgment. Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations and unsupported speculation will not support a finding of a genuine issue of material fact. Guillory v. The Chimes, 2017-0479 (La. App. 1st Cir. 12/21/17), 240 So. 3d 193, 195. While Mrs. Collins contends that there are genuine issues of material fact regarding the reasonableness of St. Elizabeth's actions, her mere conclusory allegations are not sufficient to defeat summary judgment. Cf. Russell v. City of Baton Rouge/Parish of East Baton Rouge, 2018-0600 (La. App. 1st Cir. 1/17/19), 271 So. 3d 231 (finding the plaintiff put forth sufficient evidence in opposition to a motion for summary judgment to demonstrate that there was a genuine issue of material fact). The evidence introduced in support of the motion for summary judgment reflects an absence of factual support for the essential element of Mrs. Collins's claim, namely, that the hospital acted unreasonably or failed to discover and correct the potentially dangerous condition.

Therefore, after a thorough, *de novo* review of the summary judgment evidence, we likewise conclude that St. Elizabeth made the requisite evidentiary showing establishing its entitlement to judgment in its favor as a matter of law. Based on Mrs. Collins's own testimony and the video footage of the incident, St. Elizabeth showed that the warning cone was present in the hallway and that Mrs. Collins had adequate time to see the warning sign prior to her fall. Thus, the burden then shifted to Mrs. Collins to rebut St. Elizabeth's showing and put forth evidence to show why the hospital was not entitled to summary judgment. In order to do this, she was required to produce factual support sufficient to establish a

genuine issue of material fact or that they were not entitled to judgment as a matter of law. She failed to do so.

Accordingly, we find no merit to plaintiff's assignment of error.

**ANSWER TO APPEAL**

*Damages for frivolous appeal*

In response to this appeal, St. Elizabeth filed an answer seeking an award of damages and costs for frivolous appeal. Damages for frivolous appeal are awarded pursuant to LSA-C.C.P. art. 2164; however, because the statute is penal in nature, it must be strictly construed. Courtney v. Fletcher Trucking, 2012-0434 (La. App. 1st Cir. 12/21/12), 111 So. 3d. 411, 419. Appeals are favored, and penalties for frivolous appeal will not be imposed unless they are clearly due. The slightest justification for an appeal precludes damages for frivolous appeal. Courtney, 111 So. 3d at 419. Although we have determined that the appeal lacks merit, after reviewing the record, we cannot say that Mrs. Collins did not seriously believe the position she advocated. As such, we decline to assess damages for frivolous appeal.

*Trial court's assignment of costs*

To the extent that the defendant contends in brief that it was legal error for the district court to hold each party responsible for their own costs, we likewise find no merit to this argument. In its answer to appeal, St. Elizabeth prays for damages "including attorneys' fees for frivolous appeal, as well as all costs as permitted under Louisiana Code of Civil Procedure articles 863 and 2164 and any other applicable legal provision that supports an award for fees and ***costs related to this matter in the trial court*** and on appeal herein." (Emphasis added.) Pretermitting whether "costs related to this matter in the trial court" is sufficient to put this matter before our review, the general rule is that the party cast in judgment should be assessed with court costs; however, the trial court may assess costs in

11

any manner it deems equitable, even against the party prevailing on the merits. See LSA-C.C.P. art. 1920; Bourg v. Cajun Cutters, Inc., 2014-0210, (La. App. 1st Cir. 5/7/15), 174 So. 3d 56, 73, writs denied, 2015-1306 (La. 4/4/16), 190 So. 3d 1201, 1205. Accordingly, the trial court has discretion in assessing costs and an appellate court will not disturb this assessment of costs absent a showing of an abuse of that discretion. Succession of Dean, 2017-0155, (La. App. 1st Cir. 3/29/18), 247 So. 3d 746, 764, writ denied, 2018-0679 (La. 9/14/18), 252 So. 3d 479. Even though St. Elizabeth ultimately prevailed in the trial court, we cannot say that the trial court abused its discretion in its assessment of costs in this matter. See Townes v. Liberty Mutual Insurance Company, 2009-2110 (La. App. 1st Cir. 5/7/10), 41 So. 3d 520, 532 (the trial court did not abuse its discretion in ordering each party to bear their own costs even though plaintiff got a zero verdict).

Thus, we decline to award additional costs on appeal or to reverse the trial court's assessment of costs. This assignment is without merit.

## CONCLUSION

Based on the above and foregoing reasons, the trial court's September 12, 2018 judgment, granting defendant's motion for summary judgment and dismissing Mrs. Collins's claims with prejudice, is hereby affirmed. Costs of this appeal are assessed to the plaintiff/appellant, Tina Collins.

**AFFIRMED.**