CRAIN, J.
*194 The plaintiff appeals a summary judgment dismissing her slip-and-fall claim. We affirm.
FACTS AND PROCEDURAL HISTORY
Laurita L. Guillory was a customer in a restaurant when she allegedly slipped and fell while returning to her table from the restroom. She filed suit against the owner of the restaurant, Barco Enterprises, Inc. d/b/a The Chimes Restaurant, alleging she slipped on a "foreign, wet, and slippery substance" on the floor by the serving area, sometimes referred to as the "waitstation," where employees of Barco pick up food and drinks to take to customers' tables. According to the petition, the slippery substance "was spilled on the floor from the serving trays carried by defendant [Barco's] servers."
Barco filed a motion for summary judgment seeking a dismissal of the claim, asserting Guillory could not meet her burden of proof under Louisiana Revised Statute 9:2800.6, the Merchant Liability Statute. In support of the motion, Barco submitted several exhibits, including an affidavit of the manager on duty at the time of the accident, Michelle Colby, who attested she investigated the incident and found nothing visible on the floor to cause the fall. Barco also introduced excerpts from Guillory's deposition, wherein she testified she never saw any food or drink fall on the floor in the serving area. Guillory also confirmed she did not encounter any slippery substance on the floor on her way to the restroom. When returning to her table, she did not see anything on the floor either before or after she fell. After she fell, she did not notice anything wet on any part of her body. When asked why she fell, Guillory offered the following:
It had to have been because-it had to have been something slippery from the liquor or the food because that's where everything comes from right there .... They must have spilled something and it was slippery and wet there. I don't know.
In opposition to the motion, Guillory cited this testimony as proof that a slippery substance was on the floor. She also submitted an affidavit from her daughter, Carol G. Rowe, who attested she walked to the same restroom shortly after the accident and noticed a "wet floor" sign in the area by the waitstation where her mother fell. That fact, according to Guillory, is also proof that a slippery substance was on the floor. Guillory also introduced an answer to an interrogatory, which tracks the language of the petition and states Guillory slipped and fell "in, on, and/or because of a foreign, wet, and/or slippery substance on the floor near the 'waitstation.' " The answer further provides Guillory "believes the substance was from the food and/or drinks servers served to customers."
The trial court granted the motion, finding "no proof that there was an unreasonably dangerous condition either created by the restaurant or having been present for such a period of time that the restaurant should've had constructive notice of its existence." A judgment was signed that *195 granted the motion for summary judgment and dismissed Guillory's claims with prejudice. Guillory appeals.[1]
DISCUSSION
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La. App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden does not require that he negate all essential elements of the adverse party's claim, action, or defense, but rather to point to the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966D(1).
Circumstantial evidence may establish the existence of a genuine issue of material fact to defeat summary judgment; however, the response of the adverse party must set forth specific facts showing a genuine issue of fact exists. Ledet v. Robinson Helicopter Company, 15-1218 (La. App. 1 Cir. 4/15/16), 195 So.3d 89, 92, writ denied, 16-00937 (La. 9/6/16), 204 So.3d 1002. Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. See Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 ; Freeman v. Fon's Pest Management, Inc., 16-0208 (La. App. 1 Cir. 10/2/17), 232 So.3d 611, ---- (2017 WL 4369175).
The substantive law applicable to Guillory's claim is set forth in Section 9:2800.6, which imposes a duty on merchants to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition and to keep its establishment free of hazardous conditions. See La. R.S. 9:2800.6A; Thompson v.Winn-Dixie Montgomery, Inc., 15-0477 (La. 10/14/15), 181 So.3d 656, 662. In addition to all other elements of her cause of action, a plaintiff seeking recovery under Section 9:2800.6 must prove (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive *196 notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. See La. R.S. 9:2800.6B.
We begin our analysis with the second element of this burden of proof, which requires evidence the merchant either created the condition or had notice of it. Guillory asserts Barco's employees created the condition. To prove a merchant created a condition that caused an accident, there must be proof the merchant, and not a store patron, is directly responsible for the hazardous condition. Held v. Home Depot, U.S.A., 16-1252, 2017 WL 2399018 at p. 3, (La. App. 1 Cir. 6/2/17) ; see also Ross v. Schwegmann Giant Super Markets, Inc., 98-1036 (La. App. 1 Cir. 5/14/99), 734 So.2d 910, 913, writ denied, 99-1741 (La. 10/1/99), 748 So.2d 444.
For proof Barco created the condition, Guillory relies solely on the fact she fell by the waitstation. The proximity of the waitstation to her fall, according to Guillory, provides circumstantial evidence that a Barco employee "must have spilled something." For support, she cites Davis v. Cheema, Inc., 14-1316 (La. App. 4 Cir. 5/22/15), 171 So.3d 984, 985, wherein a customer at a convenience store slipped and fell on a "kitty-litter-like material" spread over an oil slick near the store's gas pumps. The plaintiff's evidence indicated the material was used by gas stations to soak up fuel spills. Based upon those facts, the court of appeal found "a reasonable inference that it was the merchant, and not a customer or stranger, who put the substance on its parking lot surface to remedy an oil slick." Davis, 171 So.3d at 993. That inference created a genuine issue of material fact that precluded summary judgment in favor of the defendant. Davis , 171 So.3d at 993.
Here, in contrast to Davis , the plaintiff presented no evidence the alleged substance on the floor was something used solely or distinctively by the defendant and its employees. In fact, Guillory could not even identify the substance that caused her fall. It is undisputed the area where Guillory fell is not used exclusively by Barco employees. Customers traverse the area, as evidenced by the fact Guillory and her daughter walked across the area going to and from the restroom. Guillory's deposition testimony also suggests a dining table was near the area. When asked whether anyone saw the accident, Guillory said, "[N]o one else said anything about my [fall]-not even the family that was there at that table. They didn't pay any attention." Unlike the material in Davis , there is no evidence the substance that allegedly caused Guillory to fall is of a nature that reasonably excludes customers, vendors, or any other individual on the premises as the source of the unreasonably dangerous condition.
A more analogous case is Held , where a customer at a Home Depot store tripped and fell over a hand truck, also known as a "dolly," protruding into the aisle. See Held , 2017 WL 2399018 at 1. In opposition to Home Depot's motion for summary judgment, the plaintiff presented evidence establishing the hand trucks are stored on the electrical aisle, where the plaintiff fell, and are used by Home Depot employees to transport rolls of wire shelved in that area to a nearby machine that cuts the wire. Only Home Depot employees are supposed to use the hand trucks, and a representative of the store testified he had never seen a customer use one. See Held , 2017 WL 2399018 at p. 3. At the time of the accident, two hand trucks were on the aisle, one properly stored with the forks under a shelf, while the other, which caused the accident, was upright in the aisle with its forks protruding into the *197 walkway. See Held , 2017 WL 2399018 at p. 3. The plaintiff argued the court should infer from this evidence that a Home Depot employee created the unreasonable risk of harm. This court rejected that argument and affirmed the summary judgment, explaining:
After conducting a de novo review of the evidence, and construing the evidence in Mrs. Held's favor, we conclude Home Depot showed that there was an absence of support for elements essential to Mrs. Held's claim. First, we agree with the trial court that Mrs. Held did not produce evidence to establish that Home Depot created a condition presenting an unreasonable risk of harm. Accepting Mrs. Held's allegation that the wire hand truck was mispositioned in Aisle 7, and not positioned with the forks under the shelf, we cannot reasonably infer that a Home Depot employee was directly responsible for a hazardous condition. There is no evidence as to how the wire hand truck came to be mispositioned. The fact that two wire hand trucks were on Aisle 7 at the time of the accident is not proof that a Home Depot employee improperly positioned one of them. The fact that only a Home Depot employee is supposed to use the wire hand trucks is not sufficient proof that a Home Depot employee was the only person who could have moved the wire hand truck before the accident .... Mrs. Held's argument is based on speculation, rather than on fact, and is not sufficient to defeat summary judgment.
Held , 2017 WL 2399018 at p. 4 (citations omitted).
Guillory's claim is likewise based on speculation rather than on fact. If a substance was on the floor, the mere fact employees of the defendant handle food and drinks in that area, which is also used by customers, does not mean an employee created the condition, particularly where there is no evidence identifying the substance. We are not permitted to speculate about how the condition was created. Guillory was obligated to come forward with evidence; however, the record is devoid of proof establishing the nature of the substance, if any, on the floor; how it came to be on the floor; or how long it was on the floor prior to the accident. Summary judgment in favor of Barco is thus appropriate. See Held, 2017 WL 2399018 at p. 4 ; Cyprian v. State Farm Fire and Casualty Company, 16-0717, 2017 WL 658246 at p. 10, (La. App. 1 Cir. 2/17/17) (affirming summary judgment where plaintiff presented no evidence defendant's employees were directly responsible for liquid being on the floor or how long the liquid was on the floor prior to accident); Pouncy v. Winn-Dixie Louisiana, Inc., 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 607 (affirming summary judgment where plaintiff did not see any substance on the ground, and, if substance was on the ground, she had no knowledge how it got there, how long it had been there, or whether any of the defendant's employees knew it was on the ground).[2]
CONCLUSION
The summary judgment in favor of Barco Enterprises, Inc. d/b/a The Chimes Restaurant, dismissing the plaintiff's claims with prejudice, is affirmed. All costs of this appeal are assessed to Laurita L. Guillory.
AFFIRMED.
Guidry, J. concurs
Pettigrew, J. concurs with results and assigns reasons
PETTIGREW, J., CONCURS WITH THE RESULTS ONLY.
*198 The majority relies on Held v. Home Depot, U.S.A., 16-1252, 2017 WL 2399018, to support their affirmance of the trial court's dismissal of plaintiff's claim. I dissented in Held and I am still of the opinion that Held was wrongly decided. I find the facts of this case are distinguishable from Held , therefore I concur with the results reached by the majority.

After the record was lodged on appeal, this court, ex proprio motu, issued a rule to show cause why the appeal should not be dismissed, because the original judgment signed by the trial court on December 7, 2016, failed to specifically identify the party against whom it was rendered. The record was supplemented with a judgment signed on May 1, 2017, specifically dismissing Guillory's claims. After reviewing the May 1, 2017 judgment, we maintain the appeal.

Because we base our holding on an absence of evidence to meet the second element of Guillory's burden of proof, we need not consider whether the evidence, including the "wet floor" sign, created an issue of fact as to the existence of a hazardous condition.