STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0441

DORIS MCLIN

VERSUS

JACOB STAFFORD, ALLSTATE INSURANCE COMPANY, AND
SAFEWAY INSURANCE COMPANY OF LOUISIANA
(UNINSURED/UNDERINSURED)

Judgment Rendered: _____DEC 2 7 2019_____

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court No. 150,362

Honorable Charlotte H. Foster, Judge Presiding

* * * * *

Peyton P. Murphy
Marcus J. Plaisance
Byron M. Hutchinson
Baton Rouge, LA

Attorneys for Plaintiff-Appellee,
Doris McLin

Tracy L. Oakley
Lafayette, LA

Attorney for Defendant-Appellant,
Safeway Insurance Company of
Louisiana

H. Minor Pipes, III
Catherine Fornias Giarrusso
New Orleans, LA

Attorneys for Defendant-Appellee,
Safeco Insurance Company of Oregon

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

The issue before us in this summary judgment is whether an insurance policy provides liability coverage for a defendant driver.

## BACKGROUND

On November 21, 2014, Jacob Stafford was driving a vehicle owned by his mother, Jean Stafford, when he rear-ended a stopped vehicle in front of him at a red light. The driver of the other vehicle, Doris McLin, filed a petition for damages against Jacob, his liability insurer, Allstate Insurance Company, and Safeway Insurance Company of Louisiana, which is Doris's underinsured motorist (UM) carrier. After settling with Allstate, Doris amended her petition to add a claim against Safeco Insurance Company of Oregon. Safeco was alleged to be a purported second liability insurer of Jacob under a policy issued to Jean, as the owner of the vehicle Jacob was driving, and under another policy issued to Jacob's brother, Jordan Stafford, with whom Jacob was allegedly residing at the time of the accident. Jordan and Jacob were adults at the time of the accident.

Because Jacob was not an actual additional insured under the policy issued to Jean, Safeco was dismissed on summary judgment as to that claim. As for the policy issued to Jordan, Safeco moved for summary judgment on the basis that Jacob did not reside in Jordan's household on the date of the accident and thus, he was not covered by the policy since he was not a "family member" of Jordan's as defined by the policy terms. In support of its motion, Safeco offered Jordan's deposition testimony that Jacob did not reside with him on the date of the accident and had never lived with him. Safeco also offered Jacob's deposition testimony that he could not remember and was "not exactly sure" where he was living on the accident date. Additionally, Safeco offered an affidavit by Jacob attesting to the fact that he "was not living with anyone at the time of the accident who had an automobile policy issued which may have provided coverage to him."

2

Doris did not respond to Safeco's motion for summary judgment; however, Doris's UM carrier, Safeway, opposed it by relying on Jacob's deposition testimony that he could not recall where he was residing but he believed it was with Jordan. Safeway also relied on Jordan's deposition statement that he was not sure where Jacob was living, but he did not believe it was with him. Safeway argued that the critical question of residency was a genuine issue of material fact that needed to go to trial since the brothers disagreed on Jacob's residency at the time of the accident. After a hearing on October 22, 2018, the trial court granted Safeco's motion for summary judgment and dismissed Safeco from the litigation. Safeway appeals, claiming the trial court made inappropriate credibility determinations on the residency issue. Safeway requests that this court reverse the summary judgment and remand the case for further proceedings.

## LAW AND ANALYSIS

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The burden of proof on motion for summary judgment rests on the mover. But if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action, or defense. Instead, the mover must point out the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code of Civil P. art. 966(D)(1). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable

3

to the case. **Talbert v. Restoration Hardware, Inc.**, 2017-0986 (La. App. 1st Cir. 5/31/18), 251 So.3d 532, 535, writ denied, 2018-1102 (La. 10/15/18), 253 So.3d 1304.

The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C.**, 2017-1088 (La. App. 1st Cir. 3/15/18), 244 So.3d 441, 444, writ denied, 2018-0583 (La. 6/1/18), 243 So.3d 1062. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. **Id.** at 445. However, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. **Guillory v. The Chimes**, 2017-0479 (La. App. 1st Cir. 12/21/17), 240 So.3d 193, 195. Furthermore, circumstantial evidence may establish the existence of a genuine issue of material fact to defeat summary judgment, but the response of the adverse party must set forth specific facts showing a genuine issue of fact exists. **Id.**

Safeco's motion for summary judgment is based on a lack of coverage. A summary judgment may be rendered on the issue of insurance coverage alone. See La. Code Civ. P. art. 966(E); **McMath Const. Co., Inc. v. Dupuy**, 2003-1413 (La. App. 1st Cir. 11/17/04), 897 So.2d 677, 680-681, writ denied, 2004-3085 (La. 2/18/05), 896 So.2d 40. Interpretation of an insurance policy usually involves a legal question, which can be resolved properly in the framework of a motion for summary judgment. **Bonin v. Westport Ins. Corp.**, 2005-0886 (La. 5/17/06), 930 So.2d 906, 910.

The Safeco policy issued to Jordan provides, in pertinent part: "We will pay damages … for which any **insured** becomes legally responsible because of an auto accident." The policy defines "**[i]nsured**" as "[y]ou or any **family member**[,]" and defines "**[f]amily member**" as "a person related to you by blood … who is a resident of your household." Therefore, if Safeco's motion and supporting documents sufficiently point out an absence of factual support for the critical issue of Jacob's residency in his brother Jordan's home at the time of the accident, then the trial court correctly decided summary judgment in Safeco's favor, as a matter of law.

To meet its burden, Safeco relied on both brothers' depositions. Jordan denied that Jacob resided with him at any point in time after 2008, when Jordan moved to his Carol Ann Drive home in Denham Springs, Louisiana. Jordan stated that Jacob occasionally stayed overnight at his house, but Jacob did not keep personal items at his house. Conversely, Jacob could not remember where he lived at the time of the accident in 2014. He testified that it could have been with Jordan or it could have been with an old girlfriend. However, in his affidavit, Jacob stated that he was not living with anyone at the time of the accident who had an automobile insurance policy issued that may have provided coverage to him. Safeway argues that the brothers' statements reveal a genuine issue of material fact.

Safeco's policy issued to Jordan provides a second layer of liability coverage for Jacob *only* if Jacob resided in Jordan's household on the accident date. After conducting a *de novo* review of the evidence, and construing the evidence in Safeway's favor, we conclude that Safeco showed an absence of support for the residency requirement for coverage under the Safeco policy. Jacob's testimony about his residency at the time of the accident was speculative at best. Thus, we conclude there is no fact-based evidence that Jacob was insured by Safeco. Proof that establishes only possibility, speculation, or unsupported probability does not suffice to create a genuine issue of material fact. See **Pontchartrain Natural Gas**

5

**System v. Texas Brine Company, LLC**, 2018-0606 (La. App. 1st Cir. 12/21/18), 268 So.3d 1058, 1063-1064, writ denied, 2019-0526 (La. 6/17/19), 273 So.3d 1210. We are not permitted to speculate about Jacob's residency at the time of the accident. See **Guillory**, 240 So.3d at 197. Therefore, we find that the trial court did not err in granting summary judgment in favor of Safeco and dismissing all claims against Safeco.

## CONCLUSION

The December 3, 2018 summary judgment dismissing all claims against Safeco Insurance Company of Oregon is affirmed. All costs of this appeal are assessed to Safeway Insurance Company of Louisiana.

**AFFIRMED.**