STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1261

DEREK JOHN SHOEMAKE

VERSUS

JOSHUA MATTHEW SCOTT, JAMES K. BAGLEY,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Judgment Rendered: **AUG 0 3 2020**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2018-10399

Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * *

| | |
|---|---|
| James E. Cazalot, Jr.<br>Slidell, LA | Attorney for Plaintiff-Appellant,<br>Derek John Shoemake |
| Darrin M. O'Connor<br>Ashley G. Haddad<br>Covington, LA | Attorneys for Defendant-Appellee,<br>State Farm Mutual Automobile<br>Insurance Company |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

Derek John Shoemake brought a personal injury lawsuit to recover damages he sustained in an automobile accident. The trial court granted summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm) and Derek appealed.

## BACKGROUND

On the night of February 18, 2017, Joshua Scott took and drove a 2007 Volkswagen Jetta owned by James Knox Bagley, III, and insured by State Farm. While driving the Jetta on the Causeway Bridge in St. Tammany Parish, Joshua was involved in an accident with Derek John Shoemake. The owner and named insured, Mr. Bagley, passed away approximately three weeks prior to the accident. One of Mr. Bagley's sons, Jon C. Bagley, lived in a guest house on Mr. Bagley's property. Jon maintained possession of the Jetta and regularly drove the vehicle for his personal use both before and after his father's death. Jon was friends with Joshua's parents and then, Jon and Joshua became friends. Jon did not allow Joshua to drive the Jetta, even though Joshua sometimes stayed at the guest house with Jon. Mr. Bagley had never given Joshua permission to drive the Jetta. Derek, who was allegedly injured in the accident, filed suit for damages against Joshua, Mr. Bagley (the owner), and State Farm.

After answering the lawsuit, a consent judgment was entered on June 26, 2018, decreeing that Derek had no cause of action as to Mr. Bagley who was deceased prior to the accident at issue. Thereafter, State Farm filed a motion for summary judgment, asserting that the undisputed material facts reveal that the insurance policy issued to Mr. Bagley excluded coverage for the accident. State Farm maintained that Joshua was not an insured under the policy, was not a resident relative of Mr. Bagley, nor did he have express or implied permission to drive the Jetta. Derek opposed the summary judgment, arguing that there was a genuine issue

2

of material fact as to whether Joshua had permission to drive the Jetta on the date of the accident.

Following a hearing on February 19, 2019, the trial court granted State Farm's motion for summary judgment. The trial court found coverage was excluded, because (1) Joshua was not a resident relative of the named insured, Mr. Bagley; (2) Joshua was not a listed driver in the policy; and (3) Joshua did not have express or implied permission to drive the Jetta. Derek appealed, assigning one error regarding the sole issue of whether Joshua had permission to drive the Jetta. Derek argued that the trial court made impermissible credibility determinations regarding permission since Jon had allowed Joshua to drive the Jetta on one prior occasion while Mr. Bagley was still alive.

## LAW AND ANALYSIS

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The burden of proof on motion for summary judgment rests on the mover. But if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action, or defense. Instead, the mover must point out the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Talbert v. Restoration Hardware, Inc.**, 2017-0986 (La. App. 1st Cir.

3

5/31/18), 251 So.3d 532, 535, writ denied, 2018-1102 (La. 10/15/18), 253 So.3d 1304.

The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria governing the trial court's determination of whether summary judgment is appropriate. **Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C.**, 2017-1088 (La. App. 1st Cir. 3/15/18), 244 So.3d 441, 444, writ denied, 2018-0583 (La. 6/1/18), 243 So.3d 1062. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. **Id.** at 445. However, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. **Guillory v. The Chimes**, 2017-0479 (La. App. 1st Cir. 12/21/17), 240 So.3d 193, 195. Furthermore, circumstantial evidence may establish the existence of a genuine issue of material fact to defeat summary judgment, but the response of the adverse party must set forth specific facts showing a genuine issue of fact exists. **Id.**

State Farm's motion for summary judgment is based on a lack of coverage. A summary judgment may be rendered on the issue of insurance coverage alone. See La. Code Civ. P. art. 966(E); **McMath Const. Co., Inc. v. Dupuy**, 2003-1413 (La. App. 1st Cir. 11/17/04), 897 So.2d 677, 680-681, writ denied, 2004-3085 (La. 2/18/05), 896 So.2d 40. Interpretation of an insurance policy usually involves a legal question, which can be resolved properly in the framework of a motion for summary judgment. **Bonin v. Westport Ins. Corp.**, 2005-0886 (La. 5/17/06), 930 So.2d 906, 910.

4

After conducting a *de novo* review of the evidence, and construing the evidence in Derek's favor, we find that State Farm showed an absence of support for Derek's position that Joshua was covered by the State Farm insurance policy. Under the policy, Joshua does not qualify as an "insured" person. No interpretation of the policy language provides coverage for Joshua's operation of the Jetta without permission on the night of the accident. Mr. Bagley was not alive on the date of the accident; thus, it was impossible for Joshua to have permission to operate the Jetta on that date. Further, Joshua is not a "resident relative" of the named insured, Mr. Bagley. Additionally, Jon expressly stated in his affidavit and in his deposition testimony that he had never allowed Joshua to drive the Jetta except for one specific time to assist Jon in bringing the vehicle home after an oil change. Jon also stated that he had no idea that Joshua was driving the Jetta on the night of the accident until *after* Joshua had already taken the car.

In opposition to State Farm's motion for summary judgment, Derek failed to produce any evidence to establish a genuine issue of fact. Derek presented only a possibility that Joshua was a permissive user of the Jetta, but there was no fact-based evidence of such permission, even on a limited basis. Proof that establishes only possibility, speculation, or unsupported probability does not suffice to create a genuine issue of material fact. See **Pontchartrian Natural Gas System v. Texas Brine Company, LLC**, 2018-0606 (La. App. 1st Cir. 12/21/18), 268 So.3d 1058, 1063-1064, writ denied, 2019-0526 (La. 6/17/19), 273 So.3d 1210. We are not permitted to speculate about whether Joshua had permission to drive the Jetta at the time of the accident. See **Guillory**, 240 So.3d at 197. Further, even though Derek argues that there may be such a possibility, summary judgment cannot be defeated by mere argument of counsel, no matter how artful. See **Hawkins v. Fowler**, 2011-1495 (La. App. 1st Cir. 5/2/12), 92 So.3d 544, 547-548, writ denied, 2012-1449 (La. 10/8/12), 98 So.3d 860. Therefore, we conclude that the trial court did not err in

granting summary judgment in favor of State Farm and dismissing all of Derek's claims against State Farm and its deceased insured, Mr. Bagley.

## CONCLUSION

The March 6, 2019 summary judgment dismissing all claims against State Farm Mutual Automobile Insurance Company and James Knox Bagley with prejudice is affirmed. All costs of this appeal are assessed to Derek John Shoemake.

**AFFIRMED.**