STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0878

DEANO MARRERO

VERSUS

I. MANHEIM AUCTIONS, INC.,
GREATER NEW ORLEANS AUTO AUCTION, INC., AND
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA

Judgment Rendered: **FEB 1 9 2021**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2016-15427

The Honorable William H. Burris, Judge Presiding

* * * * *

| | |
|---|---|
| Charles M. Thomas<br>Alex T. Robertson<br>New Orleans, Louisiana | Attorneys for Plaintiff-Appellant,<br>Deano Marrero |
| Mark D. Boyer<br>Benjamin R. McDonald<br>Denham Springs, Louisiana | Attorneys for Defendant-Appellee,<br>National Union Fire Insurance<br>Company of Pittsburgh, PA |

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

In this trip-and-fall case, plaintiff appeals a judgment granting a motion for summary judgment in favor of one of the defendants and dismissing plaintiff's claims with prejudice. For the reasons that follow, we affirm.

## BACKGROUND

On December 30, 2015, plaintiff, Deano Marrero, attended an auto auction at the Greater New Orleans Auto Auction, Inc. – I. Manheim Auctions, Inc. ("Manheim") facility in Slidell, Louisiana. On that date, it was raining heavily and Mr. Marrero did not have an umbrella. Mr. Marrero was familiar with the layout of the Manheim facility, as he had previously attended auctions at that location. Because of the rain, Mr. Marrero decided to exit the Manheim facility using the back door, which had a covered concrete pad that led to the asphalt parking lot where some of the vehicles for auction were held for viewing. Despite seeing rain water rushing below the curb, Mr. Marrero stepped off the curb onto the asphalt parking lot. He tripped and fell when he stepped off the curb into what he described as a "little divot" where some of the asphalt had washed away. Mr. Marrero sustained injuries in the fall, and he subsequently filed this lawsuit against Manheim and its insurer, National Union Fire Insurance Company of Pittsburg, PA ("National Union").

After answering the petition, National Union filed a motion for summary judgment seeking dismissal of Mr. Marrero's claims. National Union asserted that Mr. Marrero could not meet his burden of proving that his injuries resulted from a known, unreasonably dangerous condition outside the back door of the Manheim facility. In support of its motion, National Union relied on excerpts from Mr. Marrero's deposition testimony. Mr. Marrero stated that he had never experienced trouble exiting the back door area of the Manheim facility in the past, but on the day that he fell it was raining extremely hard, rain water was rushing by the curb, and

2

there was debris and a little divot in the asphalt where he stepped off the curb. Mr. Marrero was holding onto a clipboard as he exited the building. He stated that he tried to reach for a nearby railing, but there was nothing he could easily grab as he fell. National Union also relied on a statement by Sarah Spiers, who attested in an affidavit that she was the human resources business partner for the Manheim facility and, after a thorough search, she could find no record of any prior accidents or complaints regarding the physical condition of the location where Mr. Marrero fell. Additionally, National Union introduced an affidavit and report of a civil engineer, Philip Beard, who offered his expert opinion that the divot in the asphalt was only a 3/16" dip that was not deep enough to constitute a hole. Mr. Beard stated that the area was open and obvious and did not present an unreasonably dangerous condition in the parking lot.

Mr. Marrero opposed National Union's motion, and supported his opposition with more of his deposition testimony about the debris in the parking lot divot, as well as the lack of a handrail close enough for him to grasp as he fell. Mr. Marrero also relied on an affidavit and report by his expert witness, Ladd P. Ehlinger, who is a registered architect in Louisiana. Mr. Ehlinger opined that the lack of a graspable handrail, code violations regarding the handrails and height of the curb, and loose pebbles on uneven asphalt all contributed to an unreasonably dangerous condition that caused Mr. Marrero to trip and fall. Notably, Mr. Ehlinger's report acknowledged that curb areas are exempt from code requirements for handrails.

At the summary judgment hearing, all of the affidavits were submitted and accepted into evidence without objection. The trial court ruled that because of the heavy rain and rushing rain water at the location of the incident, the divot and debris in the parking lot were not open and obvious. Relying on jurisprudence, the trial court also found that because the divot in the asphalt was not over an inch deep, there was no genuine issue of material fact as to the existence of an unreasonably

3

dangerous condition in the parking lot. Thus, the trial court granted National Union's motion for summary judgment. However, the judgment signed by the trial court on December 12, 2018, did not dismiss any party from the lawsuit. Therefore, even though Mr. Marrero timely appealed that judgment, this court dismissed the appeal for lack of subject matter jurisdiction, and remanded the matter back to the trial court. See **Marrero v. I. Manheim Auctions, Inc.**, 2019-0365 (La. App. 1st Cir. 11/19/19), 291 So.3d 236, 240. Thereafter, the trial court entered a final appealable judgment on February 4, 2020, granting summary judgment in favor of National Union and dismissing all of Mr. Marrero's claims against National Union. Mr. Marrero timely moved for an appeal, which we now consider.

Mr. Marrero raises three assignments of error, asserting that: (1) the trial court made improper factual determinations as to whether the rear exit of the Manheim facility was unreasonably dangerous; (2) the trial court improperly weighed competing expert reports and made improper credibility determinations regarding Mr. Marrero's expert; and (3) the trial court erred in finding that Mr. Marrero's expert's report did not create a genuine issue of material fact as to the unreasonably dangerous condition of the rear exit at the Manheim facility.

## DISCUSSION

Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends. La. Code Civ. P. art. 966(A)(2). After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether

4

summary judgment is appropriate. **In re Succession of Beard**, 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So.3d 753, 759-60.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (*per curiam*). A genuine issue is one as to which reasonable persons could disagree. However, if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Id.** at 765-66. A fact is "material" when its existence or nonexistence is essential to the plaintiff's cause of action under the applicable theory of recovery. **Smith v. Our Lady of the Lake Hosp., Inc.**, 93-2512 (La. 7/5/94), 639 So.2d 730, 751. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. **Id.**

The burden of proof on a motion for summary judgment rests with the mover. La. Code Civ. P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Rather, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1). Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. **Guillory v. The Chimes**, 2017-0479 (La. App. 1st Cir. 12/21/17), 240 So.3d 193, 195.

5

Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Larson v. XYZ Insurance Company**, 2016-0745 (La. 5/3/17), 226 So.3d 412, 417. The substantive law applicable in this case is set forth in La. R.S. 9:2800.6, the Merchant Liability Statute. To the extent that National Union relies on general tort law, we find that the more specific Merchant Liability Statute applies here since Mr. Marrero was invited to the auto auction at the Manheim facility in order to purchase vehicles.[1] This is a negligence claim brought against a merchant by a person lawfully on the merchant's premises, for damages as a result of injuries sustained because of a fall due to a condition existing on the merchant's premises. La. R.S. 9:2800.6(B).

The Merchant Liability Statute imposes a duty on merchants to exercise reasonable care to keep its establishment free of hazardous conditions and to keep the premises in a reasonably safe condition.[2] See La. R.S. 9:2800.6(A). In addition, a plaintiff seeking recovery must prove: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care. See La. R.S. 9:2800.6(B). While merchants must exercise reasonable care to protect their patrons and keep their premises safe from unreasonable risks of harm, they are not insurers of their patrons' safety and are not liable every time an accident happens. Patrons are under a duty to use ordinary care to avoid injury. **Marks v. Schultz**, 2020-0197 (La. App. 1st Cir. 12/10/20), ____

---

[1] A "merchant" is defined in La. R.S. 9:2800.6(C)(2) as "one whose business is to sell goods ... at a fixed place of business." It is undisputed that Mr. Marrero was invited to the Manheim facility where he intended to purchase vehicles that were to be auctioned.

[2] Similarly, La. Civ. Code art. 2317.1 provides that the "owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."

6

So.3d ___, ___, 2020 WL 7258578, *3; **Ton v. Albertson's, LLC**, 50,212 (La. App. 2d Cir. 11/18/15), 182 So.3d 246, 250, <u>writ denied</u>, 2015-2320 (La. 2/5/16), 186 So.3d 1169.

National Union focuses much of its argument on the first element of Mr. Marerro's claim, *i.e.* the lack of evidence that an unreasonable risk of harm was reasonably foreseeable at the step down to the parking lot in the back of the Manheim facility. Consequently, Mr. Marerro's opposition focuses on that same element of his burden of proof, along with the trial court's alleged evaluation of the expert witnesses' credibility and weight of the evidence that each expert offered. However, we choose to begin our analysis with the second element of Mr. Marrero's burden of proof. Mr. Marrero is required to show evidence that someone at the Manheim facility either created or had actual or constructive notice of the hazardous condition prior to the incident. Mr. Marrero asserts that employees working at the Manheim facility must have known that the step down to the parking lot was dangerous, because the employees walked past the area on a regular basis. Yet, Mr. Marrero presented no evidence that the condition was known or should have been known to the Manheim facility employees before he fell. Mr. Marrero stated that he had walked through that area numerous times, but it was different on the day he fell because of the heavy rain and the water that was rushing by the curb where he stepped into the parking lot.

After conducting a *de novo* review of the evidence, and construing the evidence in Mr. Marrero's favor, we conclude National Union showed that there was an absence of factual support for the essential element of actual or constructive knowledge by anyone affiliated with the Manheim facility. There is no evidence that any person connected with the Manheim facility created the "little divot" condition. There is no evidence that anyone had ever tripped or slipped in that area before Mr. Marrero's trip-and-fall incident. There is no evidence that the lack of

7

handrails extending over the curb/stepdown into the parking lot posed a problem for anyone prior to Mr. Marrero's fall. Further, Mr. Marrero presented no evidence to counter the affidavit of Ms. Spiers, who attested to the fact that she had reviewed the records pertaining to accidents at the Manheim facility and found no complaints with respect to the condition of the location of Mr. Marrero's fall, or any prior reports of accidents at that location.

Mr. Marrero's allegation that someone at the Manheim facility must have seen or known of the unreasonably dangerous condition is centered on speculation rather than fact. Because we base our holding on an absence of evidence to meet the second element of Mr. Marrero's burden of proof regarding notice/knowledge, we need not consider whether the evidence created an issue of fact as to the existence of an alleged hazardous condition. See **Guillory**, 240 So.3d at 197 n.2. Unsupported speculation does not warrant a finding of a genuine issue of material fact. **Id.** at 195. Furthermore, the lack of support for one essential element of Mr. Marrero's claim is insufficient to overcome the grant of summary judgment in favor of National Union. See La. Code Civ. P. art. 966(D)(1).

## CONCLUSION

The summary judgment in favor of National Union Fire Insurance Company of Pittsburgh, PA, dismissing Deano Marrero's claims against it with prejudice, is affirmed. All costs of this appeal are assessed to Deano Marrero.

**AFFIRMED.**