**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2022 CA 0099**

**ANTHONY WILSON**

**VERSUS**

**JOYCE REED, GAIL PICOU, AND WALGREEN LOUISIANA COMPANY, INC.**

Judgment Rendered: ___OCT 2 1 2022___

\* \* \* \* \* \*

On Appeal from the Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket No. 121,573

Honorable Cody Martin, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Charles S. Long<br>C. Spencer Long, II<br>Donaldsonville, Louisiana | Counsel for Plaintiff/Appellant<br>Anthony Wilson |
| Daniel R. Atkinson, Jr.<br>Julie E. Vaicius<br>Erin O. Braud<br>Metairie, Louisiana | Counsel for Defendants/Appellees<br>Statewide Building Maintenance,<br>L.L.C., Prime Action Floors, L.L.C., and<br>Walgreen Louisiana Company, Inc. |

\* \* \* \* \* \*

**BEFORE: McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

**McCLENDON, J.**

In this slip-and-fall case, the plaintiff appeals a summary judgment dismissing his claims against the defendants. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 26, 2018, Anthony Wilson filed a petition for damages, alleging the negligence of Walgreen Louisiana Company, Inc. (Walgreens), when he slipped and fell on March 27, 2017, on the "freshly waxed" floor of Walgreens store #11413 in Gonzales, Louisiana.[1] Mr. Wilson asserted the hazardous condition of the floor, as well as the failure to place signs in the area where he fell warning of the slippery condition of the floor. Mr. Wilson maintained that because of Walgreens' negligence, he suffered injuries to his hip, neck, and other parts of his body. In supplemental and amending petitions, Mr. Wilson added Statewide Building Maintenance, L.L.C. (Statewide) and Prime Action Floors, L.L.C. (Prime) as defendants. Walgreens contracted with Statewide for floor cleaning services at the store and Statewide subcontracted with Prime for the floor cleaning work.[2]

After answering the petitions, the defendants filed a motion for summary judgment on January 15, 2021. Therein, the defendants sought dismissal of Mr. Wilson's claims, contending that Mr. Wilson could not prove that the floor had been improperly waxed, was wet, or was in an unreasonably dangerous condition. Mr. Wilson opposed the motion.

After a hearing, the trial court signed a judgment with incorporated reasons on September 30, 2021, granting the defendants' motion for summary judgment and dismissing Mr. Wilson's suit with prejudice. Mr. Wilson appealed, maintaining that the trial court erred in granting summary judgment.

---

[1] Joyce Reed and Gail Picou, two employees of Walgreens, were also originally named as defendants, but they were subsequently dismissed without prejudice.

[2] In its First Supplemental and Amending Petition for Damages, Mr. Wilson added Statewide, asserting that it provided cleaning services for the store. Statewide answered and filed a Third-Party Demand against Prime, which was later dismissed. Thereafter, Mr. Wilson filed his Second Supplemental and Amending Petition, naming Prime as an additional defendant.

## SUMMARY JUDGMENT

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria governing the trial court's determination of whether summary judgment is appropriate. **Rixner v. Our Lady of Lake Hospital, Inc.**, 2019-0818 (La.App. 1 Cir. 6/16/20), 306 So.3d 444, 448. Thus, appellate courts ask the same questions as the trial court, that is, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Id.**

The burden of proof on a motion for summary judgment rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point to the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).

Once a motion for summary judgment has been made and properly supported, the adverse party may not rest on the mere allegations or denials in his pleadings, but his responses must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be rendered against him. See LSA-C.C.P. art. 967(B).

Circumstantial evidence may establish the existence of a genuine issue of material fact to defeat summary judgment; however, the response of the adverse party must set forth specific facts showing a genuine issue of fact exists. **Guillory v. The**

3

**Chimes**, 2017-0479 (La.App. 1 Cir. 12/21/17), 240 So.3d 193, 195. Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. **Id.**

## DISCUSSION

In his appeal, Mr. Wilson argues that the trial court erred in granting summary judgment, as he demonstrated that the condition of the floor presented an unreasonable risk of harm. Thus, he asserts, the condition of the floor is a genuine issue of material fact precluding summary judgment. To the contrary, the defendants aver that the trial court correctly determined that Mr. Wilson failed to meet his burden of proving that the condition of the floor presented an unreasonable risk of harm to customers of the store, that the defendants created or had actual or constructive knowledge of any alleged defective condition, or that the defendants failed to exercise reasonable care under the circumstances.

To meet their initial burden, the defendants submitted several exhibits, including the deposition of Mr. Wilson, in support of their motion for summary judgment. Mr. Wilson testified that he arrived at the Walgreens store after an appointment with his pain management doctor that morning, walked through the store, and dropped off his prescriptions at the pharmacy. He stated that he then walked toward a hallway to the restrooms, when he slipped and fell on the floor. Mr. Wilson testified that when he got up, he saw a wet floor sign down the hallway by the restrooms, but not near where he fell. Mr. Wilson stated that from what he could tell, there was fresh wax on the floor causing the floor to be "slick." Mr. Wilson acknowledged that the floor was not wet, but that it was "shining." He believed the floor must have been waxed a few hours before.

The deposition of Joyce Reed was also submitted in support of the defendants' motion for summary judgment. Ms. Reed testified that she has been a store manager at Walgreens for twenty-four years and has been manager at the Gonzales store for seven years. She stated that Walgreens' employees damp mop the floor nightly; however, a cleaning crew comes in biweekly on Sunday nights after the store is closed,

4

and they are the ones who wax the floor. Ms. Reed also testified that the floor in the area where Mr. Wilson fell is tile with a smooth transition from a brown tile to a white tile.[3] She stated that after Mr. Wilson's fall, she examined the floor to see if there was any liquid or anything else on the floor, but she "didn't find anything."

The defendants also introduced the affidavit of Oscar Martinez, a managing member of Prime. Mr. Martinez attested that Prime is a commercial floor waxing, polishing, and cleaning company. He stated that Statewide contracted with Walgreens to perform scheduled floor maintenance services at the Gonzales store at issue. Statewide subcontracted the floor maintenance work to Prime. Mr. Martinez attached to his affidavit a work summary document showing work services provided by Prime from February 14, 2017 through April 22, 2017, which showed the following:

On February 14, 2017, Prime employees performed auto scrub and burnish services of the floor;

On February 26-28, 2017, Prime employees stripped and waxed the floor;

On March 10-11, 2017, Prime employees performed auto scrub and burnish services of the floor; and

On March 25-26, 2017, Prime employees performed auto scrub and burnish services of the floor. No wax products were applied on this visit.

Additionally, in support of their motion for summary judgment, the defendants submitted a copy of the video surveillance of Mr. Wilson's fall. The defendants also offered discovery responses, which included copies of Prime's Work Order History at the Gonzales store around the time of the fall, Walgreens' Floor Care Wax Application Process and Requirements, and Walgreens' Floor Care Program Overview.[4]

In opposition to the motion for summary judgment, Mr. Wilson offered an excerpt from his deposition and portions of Prime's Work Order History, the Floor Care Wax Application Process and Requirements, the Floor Care Program Overview, and Walgreens' Proof of Service Checklist for Floor Care, dated March 24, 2017.[5]

---

[3] Ms. Reed testified that the brown flooring in the area of the pharmacy looks like wood, but is a laminated tile, and that the rest of the store flooring is white tile. She also stated that at the time of Mr. Wilson's fall, there were no wet floor signs where he fell or by the restrooms.

[4] The Floor Care Wax Application Process and Requirements and the Floor Care Program Overview were marked confidential and subject to a protective order.

[5] Mr. Wilson submitted a set of interrogatories as well, which requested what cleaning products were used at the store.

Merchant Liability - Walgreens

Mr. Wilson's burden of proof against Walgreens is governed by LSA-R.S. 9:2800.6. The Merchant Liability statute sets forth the burden of proof for a plaintiff in a claim against a merchant[6] for damages due to a fall on the premises and provides, in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons and is not liable every time an accident occurs. **Jackson-Silvan v. State Farm Cas. Ins. Co.,** 2014-0939 (La.App. 1 Cir. 1/7/15), 2015 WL 115406, *4 (unpublished), writ denied, 2015-0637 (La. 5/22/15), 171 So.3d 252. The statute is clear and unambiguous, and contains no provision for shifting the burden to a defendant to prove its lack of culpability. Rather, it is the plaintiff's burden to prove each element of a cause of action under LSA-R.S. 9:2800.6(B), and the failure to prove any of these elements is fatal to the plaintiff's cause of action. **White v. Wal-Mart Stores, Inc.,** 97-0393 (La. 9/9/97), 699 So.2d 1081, 1082; **Cyprian v. State Farm Fire and Casualty Company,** 2016-0717 (La.App. 1 Cir. 2/17/17), 2017 WL 658246, *3 (unpublished).

---

[6] It is undisputed that Walgreens is a merchant within the meaning of LSA-R.S. 9:2800.6.

In this matter, Mr. Wilson questions the trial court's finding with respect to the first element of LSA-R.S. 9:2800.6, namely, that the condition of the floor failed to present an unreasonable risk of harm to the claimant. An unreasonable risk of harm is present if the dangerous condition would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. **Willig v. Pinnacle Entertainment, Inc.**, 2015-1998 (La.App. 1 Cir. 9/16/16), 202 So.3d 1169, 1173.

The evidence offered by the defendants in support of their motion for summary judgment sufficiently carried their initial burden and established the absence of support for an element of Mr. Wilson's claim against Walgreens. The area where Mr. Wilson fell was examined by the store manager, and Ms. Reed found no condition that would have caused Mr. Wilson to slip. Mr. Wilson admitted that the floor was dry and only surmised that the floor had been waxed that morning based on his experience. The evidence established that the floor, in fact, had not been waxed that morning and had not been waxed for approximately a month before Mr. Wilson's fall, although the floor had been scrubbed and burnished two days before his fall.

The burden shifted to Mr. Wilson to produce factual evidence that the condition of the floor presented an unreasonable risk of harm. Mr. Wilson failed to present evidence sufficient to establish that that he will be able to satisfy his evidentiary burden at trial. Mr. Wilson merely established that the floor had been cleaned and burnished the night before his fall. However, he presented no evidence that the floor had been recently waxed or that the cleaning and burnishing resulted in the floor being slippery. Mere conclusory allegations, improbable references, and unsupported speculation will not support a finding of a genuine issue of material fact. **Guillory**, 240 So.3d at 195. Without more, the trial court correctly granted summary judgment in favor of Walgreens.

Negligence - Statewide and Prime

Mr. Wilson's theory of liability against Statewide and Prime rests on the general negligence principles of LSA-C.C. art. 2315. To succeed at trial, Mr. Wilson must satisfy all elements of the duty-risk analysis: duty, breach, cause-in-fact, legal cause, and actual damages. See **Pontchartrain Natural Gas System v. Texas Brine**

7

**Company, LLC**, 2018-0631 (La.App. 1 Cir. 7/3/19), 281 So.3d 1, 6, <u>writ denied</u>, 2019-01423 (La. 11/12/19), 282 So.3d 224. A negative answer to any of the elements of the duty-risk analysis prompts a no-liability determination. **Id.**

Again, the defendants as movers were not required to negate all essential elements of Mr. Wilson's claims, but merely to point out the absence of support for one or more of those elements. The defendants herein provided sufficient supporting documents establishing the essential facts necessary to carry their burden, i.e., that there are no genuine issues of material fact and that mover is entitled to judgment as a matter of law. Thus, the burden shifted to Mr. Wilson. Although Mr. Wilson acknowledged that the floor had not been recently waxed, he argued in his opposition to the motion for summary judgment that burnishing the floor created the hazardous condition that caused or contributed to his fall. Specifically, he contended that because the floor was burnished on March 25-26, 2017, the burnishing made the floor slippery, causing him to slip and fall. Mr. Wilson suggested that the cleaners used by Prime can cause floor slipperiness if not used properly. However, suggestions and arguments alone are not enough to create a genuine issue of material fact.

Mr. Wilson produced no evidence to indicate, contrary to his assertions, that Statewide or Prime created a dangerous condition by burnishing the floor or by cleaning the floor improperly. The record is devoid of any such evidence. In light of Mr. Wilson's failure to produce evidence that the cleaning of the floor caused or contributed to the alleged condition of the floor when he fell, we conclude that summary judgment in favor of Statewide and Prime was also appropriate.

### CONCLUSION

For the foregoing reasons, the September 30, 2021 judgment of the trial court, granting summary judgment in favor of Statewide Building Maintenance, L.L.C., Prime Action Floors, L.L.C., and Walgreen Louisiana Company, Inc. and dismissing the claims of Anthony Wilson with prejudice, is affirmed. Costs of this appeal are assessed against Anthony Wilson.

**AFFIRMED.**